Argued and submitted April 6, the decision of the Court of Appeals and judgment of the trial court affirmed July 26, 1988

SANOK et al,
*Petitioners on Review,*

*v.*

GRIMES et al,
*Respondents on Review.*

(CC 83-771 CV; CA A36263; SC S34827)

760 P2d 228

Jay R. Jackson, Salem, argued the cause and filed the petition for petitioner on review.

Robert F. L. Trotman, of Giacomini, Jones & Trotman, Klamath Falls, argued the cause and filed a response to the petition for respondents on review.

JONES, J.

**JONES, J.**

On September 29, 1983, plaintiffs filed three claims in circuit court against defendants, alleging that defendants, acting in their official capacity, violated plaintiffs' constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution. Defendants are all officials of Klamath County. The alleged harm to plaintiffs occurred when defendants determined that plaintiffs' property was no longer qualified for a tax deferral as forest land. Plaintiffs' allegations state a claim under both the Oregon Tort Claims Act (OTCA), ORS 30.260 to 30.300, and the federal civil rights act, 42 USC § 1983.

This action originated with defendants' notice to plaintiffs that their property's forest land designation had changed. Plaintiffs first contested the change in an administrative appeal, then, when that appeal failed, plaintiffs filed an action in the Oregon Tax Court, seeking damages and a declaration that they were engaged in forest practices. The Tax Court dismissed plaintiffs' action for lack of jurisdiction. On appeal, this court held that the Tax Court lacked jurisdiction to hear the tort claims, but decided that the tax questions were properly before that court. *Sanok v. Grimes,* 294 Or 684, 662 P2d 693 (1983). Plaintiffs later filed the present action in circuit court.

The circuit court granted defendants' motion for a directed verdict after a segregated trial that dealt only with the issues whether plaintiffs complied with the notice required under the OTCA, specifically under ORS 30.275, and whether plaintiffs' claim was time-barred. Plaintiffs appealed and the Court of Appeals affirmed. *Sanok v. Grimes,* 88 Or App 536, 746 P2d 725 (1987). For the reasons stated herein, we also affirm.

Plaintiffs allege in part:

"This claim arises under ORS 30.265(1) and further under the Constitution of the United States particularly the First, Fifth and Fourteenth Amendments to the Constitution of the United States and under Federal Law particularly Title 42 of the United States Code, Section 1983."

The Court of Appeals held that the notice requirements of ORS 30.275 applied to plaintiffs' state tort claim and to the

federal section 1983 claim and that plaintiffs had not met the notice requirements for either cause of action. Plaintiffs claim that their oral threat to sue and subsequent specific oral notice to defendants constituted adequate notice under ORS 30.275. They also assert that filing of an action on January 28, 1982, in the Oregon Tax Court constituted notice under ORS 30.275(3)(c), which provides:

> "Notice of claim * * * is satisfied by * * * [c]ommencement of an action on the claim by or on behalf of the claimant within the applicable period of time * * *."

We need not address the question whether the commencement of an action in the Tax Court would constitute adequate notice for purposes of compliance with the OTCA regarding plaintiffs' state tort claims, because, for the reasons set forth below, plaintiffs' OTCA claims are barred by the two-year limitations period of ORS 30.275(8).

■ As to plaintiffs' section 1983 claims, the Court of Appeals did not reach the question whether this separate claim was barred by the statute of limitations, ORS 12.110,[1] because it incorrectly held that the notice of claim limitations of the OTCA applied to plaintiffs' section 1983 claim. In this the Court of Appeals erred. For the reasons set forth in *Rogers v. Saylor,* 306 Or 267, 760 P2d 232 (1988) (decided this date), the notice requirements of OTCA do not apply to claims based on section 1983 brought in state court. Nevertheless, all of plaintiffs' claims are barred by an expiration of the two year limit of ORS 12.110.

■ For some time the question of the proper statute of limitations to apply in federal section 1983 cases was subject to considerable dispute. *See, e.g.,* 1 Antieau, Federal Civil Rights Acts § 241 (1980). In 1985 the United States Supreme Court settled the question by holding that the federal character of section 1983 and the need for a uniform statute of limitations for the variety of claims under section 1983 required that the relevant state statute for personal injuries be used as the statute of limitations for all section 1983 actions.

---

[1] ORS 12.110(1) provides:

"An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years * * *."

The choice of the personal injury statute of limitations was "supported by the nature of the § 1983 remedy, and by the federal interest in ensuring that the borrowed period of limitations not discriminate against the federal civil rights remedy." *Wilson v. Garcia,* 471 US 261, 276, 107 S Ct 1938, 85 L Ed 2d 254 (1985). For this reason, plaintiffs' claim under section 1983 is governed by the two-year limit of ORS 12.110, rather than the similar limit of ORS 30.275(8). The *Wilson* court specifically held that state limitations periods for statutory claims would not apply in section 1983 actions. *Id.* at 278-79.

The federal character of a section 1983 action, even when brought in state court, requires that Oregon courts follow the applicable federal law. Just as *Wilson* indicates that all section 1983 actions shall be interpreted as personal injuries for the purposes of the limitations period, the Supreme Court has decided that the "proper focus [for determining when the statute of limitations begins to run] is on the time of the *discriminatory act,* not the point at which the *consequences* of the act become painful." *Chardon v. Fernandez,* 454 US 6, 8, 102 S Ct 28, 70 L Ed 2d 6 (1981) (emphasis in original); *see also Delaware State College v. Ricks,* 449 US 250, 258, 101 S Ct 498, 66 l Ed 2d 431 (1980).

Plaintiffs allege that their rights were violated by a conspiracy among all defendants to change the forest land designation of plaintiffs' property, and an alteration of documents by defendants Barrett and Freitag. The notice of a change in the forest land designation was given on or about May 18, 1981. The allegedly altered documents were produced on or about September 21, 1981. While the exact date of the alleged discrimination is not clearly set out in plaintiffs' complaint, any conduct by defendants that possibly could be interpreted as a violation of section 1983 or the OTCA must have occured before these dates. These, then, are the dates when plaintiffs' time limits began to run.

Plaintiffs filed an action in Tax Court January 28, 1982, which was dismissed for lack of subject matter jurisdiction on February 26, 1982. All these proceedings occurred within the original two-year period of limitations, which would run until either May 18, 1983, or September 21, 1983. ORCP 10A. Plaintiffs filed their first complaint in the present action in circuit court on September 29, 1983, more than two

years after the last date within the proper periods of limitation.

Plaintiffs contend that filing the claims in the Tax Court tolled the statute of limitations. However, the Tax Court does not hear tort claims. *Sanok v. Grimes,* 294 Or 684, 697 n 21, 662 P2d 693 (1983). Filing their claim in the Tax Court did not toll the period during which plaintiffs must file their claim. While this court held, in *Hatley v. Truck Insurance Exchange,* 261 Or 606, 494 P2d 426, 495 P2d 1196 (1972), that filing a claim in federal court would give a plaintiff an additional year to refile in state court because of the provisions of ORS 12.220,[2] the timing of the actions in this case do not correspond to the language of the statute nor to the facts of *Hatley.* Plaintiffs cannot rely on ORS 12.220 to extend the applicable period within which they must have filed an action in circuit court.

Before ORS 12.220 can be applied, plaintiffs must, as the language of the statute requires, have their action "dismissed upon the trial thereof, or on appeal, *after* the time limited for bringing a new action." (Emphasis added.) As we noted in *Hatley,* the purpose of the statute is "to avoid the bar of the statute of limitations for a diligent plaintiff whose timely action has been dismissed over his objection," 261 Or at 614-15.

Even assuming that ORS 12.220 would apply where a plaintiff filed a tort action in the Tax Court, which we do not here decide, plaintiffs here do not come within the terms or the intent of ORS 12.220. Plaintiffs' action in the Tax Court was dismissed long before the original period of limitations had run.

■   The fact that plaintiffs spent additional time pursuing an appeal of the Tax Court's dismissal of their tort claims

---

[2] ORS 12.220 provides:

"Except as otherwise provided in ORS 72.7250, if an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof, or upon appeal, after the time limited for bringing a new action, the plaintiff * * * may commence a new action upon such cause of action within one year after the dismissal or reversal on appeal; however, all defenses that would have been available against the action, if brought within the time limited for the bringing of the action, shall be available against the new action when brought under this section."

does not aid their claim here. This court has already held in *Hatley* that the determinative time for purposes of ORS 12.220 is that time when a plaintiff's claim is first dealt with adversely, 261 Or at 614. In the present case, the first adverse dismissal of plaintiffs' claim was the dismissal by the Tax Court on February 26, 1982.

The original version of ORS 12.220 provided an extended period for a plaintiff if the plaintiff commenced an action which was reversed on appeal. The statute was amended to provide a remedy to plaintiffs whose actions were dismissed at trial. This court explained in *Hatley* that the statute originally read:

> " 'If an action shall be commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal, the plaintiff * * * may commence a new action within one year after the reversal.' Deady and Lane, General Laws of Oregon 1843-1872, § 21.

> "In 1921 this statute was amended to extend its coverage to cases dismissed 'upon the trial thereof' as well as to those reversed on appeal. The purpose of the amendment is obvious — to extend the benefits of the statute to plaintiffs whose cases are terminated adversely at the trial level, as well as to plaintiffs whose favorable judgments are reversed on appeal. * * *" 261 Or at 614.

Such a reading of the statute is necessary to avoid the anomalous situation which might otherwise occur because of the language in the statute which provides that the additional time is a period of one year "after the dismissal or reversal on appeal." If an appeal of a dismissal at the trial level were included for the purposes of determining when a plaintiff's additional time might begin, and that appeal took more than a year, the grant of an additional year after the dismissal at the trial level would not provide a plaintiff any additional time at all. The two clauses can only be reconciled by this court's interpretation of the statutory language in *Hatley*. The implication of that interpretation is that the first reversal of a plaintiff's claims must come *after* the original period limiting a plaintiff's cause of action has expired before the statute is applicable. The time spent on a subsequent appeal of the dismissal is not included within the terms of ORS 12.220. Because plaintiffs' claims here were first dismissed by the Tax

Court within the original time limit, plaintiffs cannot be helped by ORS 12.220.[3]

Plaintiffs did not file the action within the proper time period. No action by plaintiffs serves to extend the period; therefore, plaintiffs' claims were properly dismissed because they were not timely filed.

The decision of the Court of Appeals and the judgment of the trial court are affirmed.

---

[3] The result of this holding may be that plaintiffs will be forced to file a second action in the proper court even while pursuing an appeal of the dismissal of their first action. Such a requirement will not create any insurmountable additional tactical or procedural problems for plaintiffs. As we recognized in *Jaquith v. Ferris,* 297 Or 783, 787 n 2, 687 P2d 1083 (1984), even the potential problem of filing contradictory claims in two actions to avoid the running of the statutory period is not beyond the flexibility written into the Oregon Rules of Civil Procedure.