Argued and submitted April 7, reversed August 4, 1993

Joseph NAVAS,
*Respondent,*

*v.*

CITY OF SPRINGFIELD,
a municipal corporation of
the State of Oregon,
*Appellant.*

(16-91-08051; CA A76355)

857 P2d 867

Robert E. Franz, Jr., Eugene, argued the cause and filed the brief for appellant.

Kim E. Hoyt, Salem, argued the cause for respondent. With her on the brief were William D. Brandt and Ferder, Ogdahl, Brandt & Casebeer, Salem.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals a judgment that awarded plaintiff retirement benefits. Defendant argues that the trial court erred in denying its motion to dismiss under ORCP 21A(8).[1] We reverse.

Plaintiff alleges that in October, 1986, he began working for defendant as a firefighter/paramedic. His employment entitled him to participate in an employee retirement plan. Under the plan, defendant contributed 7% of the employee's pay into a "Participant's Pick-up Account," and 10% of the employee's pay into a "Participant's Employer Contribution Account." Subject to certain conditions, employees are entitled to withdraw the funds in the accounts under the plan when their employment terminates.

In 1990, plaintiff was injured off the job and was unable to work as a firefighter. After his employment with defendant was terminated in February, 1991, he applied for his retirement benefits. Defendant paid $7,000 that was in the "pick-up" account, but denied plaintiff's claim for monies in the other account. Plaintiff alleges that defendant holds those monies in trust and

> "[plaintiff] is entitled to *equitable relief under ORS 128.135* to enforce the representations of [defendant] manifested in the [pension plan] summary. [Plaintiff] is further entitled to the profit made by defendant through the breach of trust in the amount of $10,000.00 plus interest." (Emphasis supplied.)

Before the bench trial began, defendant moved to dismiss the complaint. Although defense counsel did not express to the trial court that his motion was made pursuant to ORCP 21A(8), the parties have treated it as such on appeal. Defendant argued that plaintiff did not have a cognizable claim under ORS 128.135.[2] The judge denied the motion on the grounds that,

---

[1] Because of our disposition of the case, we need not address defendant's alternative arguments.

[2]

"[Defense Counsel]: I'll start off with making a motion. When the Complaint was first filed there was a demand for a jury trial and I wasn't quite sure where [plaintiff's counsel] was coming from.

"I read the case as being a suit in equity based upon ORS 128.135. And I confirmed that this morning and [plaintiff's counsel] agreed that this is a suit in equity under that chapter. And that chapter does not apply to this trust.

"by failing to bring this matter to the attention of the court and counsel until the morning set for trial, [defendant] has waived any claim they might have that this is not an appropriate form in which to bring this action."

■ On appeal, defendant argues that its motion was brought timely under ORCP 21G(3) and should have been granted. In its answer, defendant denied all of the material allegations of the complaint including the allegation that plaintiff was entitled to relief under ORS 128.135. ORCP 21G(3) provides:

"A defense of failure to state ultimate facts constituting a claim, * * * may be made in any pleading permitted or ordered under Rule 13B. or by motion for judgment on the pleadings, *or at the trial* on the merits." (Emphasis supplied.)

We agree with defendant that its motion was timely.

■ The next issue is whether the motion should have been granted on its merits. ORS 128.135 authorizes a court to grant equitable relief for the purpose of

"[o]btaining authority, approval or instructions on any matter concerning the interpretation of the trust or the administration, settlement or distribution of the trust estate."

ORS 128.115 provides that, as used in ORS 128.135, "trust" has the meaning set forth in ORS 128.005. That statute defines "trust" as

"an express trust created by a trust instrument * * *, whereby a trustee has the duty to administer a trust asset for the benefit of a named or otherwise described income or principal beneficiary, or both; 'trust' *does not include* a * * * trust for the primary purpose of paying * * * *pensions or profits, or employee benefits of any kind* * * *." (Emphasis supplied.)

---

"And for the purposes of equitable relief under the statute, the trust is defined in Section 128.005 and it lists what a trust means and then it says, 'Trust does not include a trust for the primary purpose of paying dividends, interest, interest coupons, salary, wages, pension or profit of employee benefits of any kind.'

"So it's my position that the statute that he has based his suit in equity on does not cover this trust.

"And I didn't make a motion any sooner because I wasn't sure where he was going. So it's our position that if he had a remedy it would be for breach of contract, but not under a suit in equity under this particular statute."

Plaintiff's claim sought relief under a statutory procedure that expressly excluded his claim. The trial court erred when it denied defendant's motion.

■ In his brief, plaintiff concedes he "incorrectly characterized his action as one arising under ORS 128.135 * * * and that this statute does not provide for a private right of action under an employment trust." In response to defendant's motion to dismiss, plaintiff's counsel said to the trial court:

> "Your Honor, we brought the action pursuant to ORS 128, to the trust statute seeking equitable relief. This is the first notice that I've had that the City is taking the position that this statute does not apply.
>
> "I mean, there was no Rule 21 Motion, Motion to Dismiss or other— or anything filed. So to be honest with you, I am not at this point in time prepared—
>
> "I guess I would look at this as something like a judgment on the pleadings and I have not— I'm not in a position to respond to that other than to say that if [defendant] * * * is taking [the] position that the actual claim should be for breach of contract, then I guess I would move at this point in time in light of that motion to amend to bring the action as a breach of contract act.
>
> "It changes absolutely nothing. We're here today and I don't think it makes sense to delay the proceedings. So for that reason I would— that would be my response. I just have not researched that point because it has not yet been raised."

The court ruled:

> "There's no question it's the appropriate forum. Whether it's a breach of contract or breach of fiduciary duties, the problem I think is the same. It's the construction of the agreement and *whether or not the City of Springfield owes this man $10,000* or not.
>
> "I think what we should do is try and decide this case to solve those problems. So the motion is denied." (Emphasis supplied.)

On appeal, plaintiff argues that the trial court correctly considered his claim to be based on a breach of the contractual

obligation to pay the retirement benefits and ruled accordingly.[3]

 If the foregoing colloquy constitutes an allowance of plaintiff's motion to amend the complaint to change the theory of the case to a claim for breach of contract, we hold that the trial court abused its discretion. Defendant is entitled to rely on the theory pleaded by plaintiff to frame the issues to be tried. The rule is that a complaint must separately state each claim and within each claim, it must identify alternative theories of recovery as separate counts. ORCP 16B. Generally, a trial court has no authority to render a decision on an issue not framed by the pleadings. ORCP 18A; *Heintz v. Sinner et ux*, 232 Or 529, 533, 376 P2d 478 (1962); *Cheryl Wilcox Property Management v. Appel*, 110 Or App 90, 94, 821 P2d 428 (1991); *see also Holger v. Irish*, 316 Or 402, 851 P2d 1122 (1993). ORCP 23B states a limited exception to this rule: if the parties expressly or impliedly consent, they may try issues not raised in the pleadings. As evidenced by defendant's repeated objections, it did not consent to a trial on the purported amendment to the complaint.

Reversed.

---

[3] The complaint does not clearly allege that defendant's breach of trust was a breach of a contractual obligation to pay the retirement benefits. Plaintiff alleges that defendant, as trustee, owed duties of good faith, loyalty and fair dealing, and "that in the light of the foregoing," he is entitled to equitable relief to enforce the representations made by defendant in an "Employees Benefit Summary."