Argued and submitted November 10, 1994, affirmed on appeal and cross-appeal
April 26, petition for review allowed July 18, 1995 (321 Or 396)
See later issue Oregon Reports

DOUBLE EAGLE GOLF, INC.,
an Oregon corporation,
*Appellant - Cross-Respondent,*

*v.*

CITY OF PORTLAND,
Bureau of Purchases and Stores,
Bureau of Parks and Recreation
and Charles Jordon, Director,
*Respondents - Cross-Appellants.*

(9210-06907; CA A81933)

894 P2d 514

Sean Donahue argued the cause for appellant - cross-respondent. With him on the briefs was Donahue & Associates.

Harry Auerbach, Deputy City Attorney, argued the cause and filed the brief for respondents - cross-appellants.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Plaintiff brought this action under ORS 279.067 and 42 USC § 1983, contending that the defendant city violated the public contract bidding requirements of ORS chapter 279 and infringed on constitutionally protected property rights of plaintiff's by awarding a contract to operate concessions at a municipal golf course to another bidder rather than to plaintiff. The city counterclaimed, alleging that plaintiff had breached its contract for concession operations at another city golf course. The trial court granted summary judgment for the city on plaintiff's claims, and judgment on the counterclaim was entered for plaintiff pursuant to a jury verdict. Plaintiff appeals and the city cross-appeals from the adverse judgments on their respective claims. We affirm.

Plaintiff makes four arguments. The first and principal one is that the city erroneously treated the contract to be awarded as one for personal services, to which the bid law requirements do not apply. ORS 279.011(5) provides that, for purposes of the bid statutes:

" 'Public contract' means any purchase, lease or sale by a public agency of personal property, public improvements or services other than agreements which are for personal service."

"Personal service" is not defined in ORS chapter 279.

ORS 279.015(1) requires competitive bids for public contracts. However, ORS 279.015(2) allows the local contract review board of the public body, which is the city council in this case, see ORS 279.055, to exempt contracts from the requirement upon finding that:

"(a) It is unlikely that such exemption will encourage favoritism in the awarding of public contracts or substantially diminish competition for public contracts; and

"(b) The awarding of public contracts pursuant to the exemption will result in substantial cost savings to the public contracting agency. In making such finding, the director or board may consider the type, cost, amount of the contract, number of persons available to bid and such other factors as may be deemed appropriate."

The city made no such findings here.

Public agencies also have the authority under ORS 279.051 to designate certain contracts as personal service contracts and to establish procedures for the award of such contracts. ORS 279.051 provides:

"(1)  Public agencies may enter into contracts for personal services. The provisions of this section do not relieve the agency of the duty to comply with ORS 291.021 or applicable city or county charter provisions. Each public agency shall create procedures for the screening and selection of persons to perform personal services.

"(2)  The director or [local contract review] board by ordinance, resolution, administrative rule or other regulation may designate certain service contracts or classes of service contracts as personal service contracts."

Four years before the events in question, pursuant to ORS 279.051, the city amended section 5.32.070 of its code to establish a procedure for the award of golf concession contracts that departs from the requirements of ORS chapter 279. The ordinance through which that amendment was enacted was based on the following findings by the city council:

"1.  The Bureau of Parks has entered park concession agreements through a process in which the Purchasing Agency has solicited bids in the normal manner with the award going to the [low]est responsible bidder as outline[d] in Section 5.32.070 of the City Code.

"2.  The Bureau of Parks recognizes the need to attract golf concessionaires who have the ability to maximize revenues to the City while at the same time being service oriented, with a proven reputation for dealing with the public in a way which reflects favorably on the Bureau.

"3.  Based on the importance of both the financial and service aspects of golf course operation, the Code should be amended to allow a selection process for golf concessions contracts which gives equal weight to financial return for the City and to the proven service ability of the proposer."

Plaintiff relies on ORS 279.015(2) and argues that the contract here is not exempt, because the city did not make the findings required by the provision. The city relies on ORS 279.051 and maintains that, pursuant to that statute, it has designated golf concession contracts as being for personal

services. We agree with the city that ORS 279.051 is the relevant statute. ORS 279.015(1) applies only to public contracts, which are defined by ORS 279.011(5) as not including personal service contracts. Consequently, the exemption requirements in ORS 279.015(2) are also not applicable and the findings it delineates do not have to be made in the case of personal service contracts. ORS 279.051, on the other hand, is quite express in giving local contract review boards the authority to designate particular service contracts as personal service contracts.

█   Plaintiff does not contest that the city ordinance *purports* to designate golf concession contracts as personal service contracts. It argues, however, that they simply are *not* personal service contracts, and that the city cannot define them as something they are not. Relying on OAR 125-310-092, plaintiff asserts that golf concessionaires are not like physicians, engineers, appraisers and others who fall within the broad rubric of providers of personal services. The difficulty with plaintiff's argument is that it disregards the express statutory authority that the city council enjoys under ORS 279.051 to determine what contracts for services are personal service contracts.

We might agree with plaintiff's premise that there are lengths to which a local contract review board may not go under ORS 279.051 to excuse the local government from the bid law requirements by expanding the definition of "personal service." However, this case does not present that problem. The city's findings in support of its ordinance demonstrate an adequate basis for emphasizing the personal service ability of the applicant in awarding golf concession operation contracts, and for removing the contracts from the usual competitive bidding requirements pursuant to ORS 279.051. That statute clearly allows for some local latitude in defining when personal qualifications should be a dominant or contributing factor in the contractor selection process. We find no basis for concluding that the city exceeded the permissible degree of latitude in enacting the ordinance in question or in awarding this contract pursuant to it.

Plaintiff next argues that, even assuming that the requirements of ORS chapter 279 do not control here, there are factual questions as to whether the city followed its own

ordinance and the procedures outlined in its request for proposals (RFP). However, plaintiff's nonfederal claim did not allege violations of the ordinance or the RFP, but was based solely on the state statute.

Plaintiff also contends that the trial court erred by dismissing its claims with prejudice and not permitting it to amend its complaint to assert a claim under the ordinance instead of the statute. The attempt to amend came after the court had ruled on the summary judgment motion. There was no abuse of discretion.

Finally, plaintiff contends that the court erred by allowing summary judgment against it on its section 1983 claim. In its argument to us, however, the only source of a protected property interest to which plaintiff points is in ORS chapter 279.[1] Assuming, but by no means deciding, that the section 1983 claim might otherwise be viable, it necessarily fails along with plaintiff's state statutory claim.

The city's cross-appeal does not require discussion.

Affirmed on appeal and on cross-appeal.

---

[1] Plaintiff's pleading below alleged different sources.