Argued and submitted July 6, 1995; resubmitted In Banc June 12, reversed and remanded in part; otherwise affirmed August 28, 1996, both petitions for review allowed January 14, 1997 (324 Or 513)
See later issue Oregon Reports

Richard FINNEY
and Kathleen Finney, individually
and as guardians of
Christy Finney, a Minor Child,
*Appellants,*

*v.*

Doyle H. BRANSOM
and Eagle Point School District 9,
a Public School District,
*Respondents.*

(93-3808-L-2; CA A84924)

924 P2d 319

In Banc

William S. Dames argued the cause for appellants. With him on the briefs was Dames and Dames.

Darleen Darnall argued the cause for respondent Eagle Point School District 9. With her on the brief were Lisa E. Lear and Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Thomas W. McPherson argued the cause for respondent Doyle H. Bransom. With him on the brief was Mersereau & Shannon.

EDMONDS, J.

Warren, J., concurring in part and dissenting in part.

Armstrong, J., concurring in part and dissenting in part.

## EDMONDS, J.

Plaintiffs assert several claims against defendants Eagle Point School District 9 (District) and Doyle H. Bransom (Bransom) arising from Bransom's alleged sexual abuse of plaintiffs' daughter during a period when District employed him as a teacher and plaintiffs' daughter was his student. Plaintiffs appeal from the trial court's granting of summary judgment to both defendants on the ground that plaintiffs did not provide the statutory tort claims notice within the required time. ORS 30.275;[1] ORCP 47. They also assign error to the trial court's denial[2] of their motion to amend their complaint. ORCP 23. We reverse in part.

In April 1992, plaintiffs submitted a "Complaint by District Patron" form (patron's complaint) to District claiming that Bransom had had sexual contact with their daughter. In July 1993, the Teacher Standards and Practices Commission (Commission) revoked Bransom's teaching license after it found that Bransom had "solicited two students to lie on his behalf to school administrators" and had engaged in offensive verbal and physical conduct "of a sexual nature" toward certain female students, including plaintiffs' daughter, as well as certain female district employees and one parent.

Plaintiffs, as guardians for their daughter, filed this action for damages against District and Bransom on October 29, 1993. The first three claims are against Bransom solely

---

[1] ORS 30.275 provides, in part:

"(1) No action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of claim is given as required by this section.

"(2) Notice of claim shall be given within the following applicable period of time * * *:

"* * * * *

"(b) For all [claims other than wrongful death], within 180 days after the alleged loss or injury."

[2] Although the record does not contain an order denying the motion to amend, we deem it to have been denied based on the trial court's granting of summary judgment on all of plaintiffs' claims and on the handwritten insertion of "Tendered" and the crossing out of the words "AND FILED" from the "RECEIVED AND FILED" stamp on the original copy of the amended complaint in the court's file.

and allege torts of battery, intentional infliction of emotional distress and negligence. The fourth claim is against District for negligence. In their claims, plaintiffs allege that Bransom had sexual intercourse with their daughter between November 1991 and April 1992. They also allege that District was aware before 1993 of incidents in which Bransom had inappropriate physical contact with their daughter and other students and that District had reprimanded Bransom but failed to notify plaintiffs about the contact.

Defendants moved for summary judgment on all claims on the ground that plaintiffs had not complied with the 180-day notice requirement of ORS 30.275. They specifically argued that plaintiffs had been aware of the alleged torts since April 1992, but had not given District notice of their tort claims until they filed the complaint in this case in October 1993. Plaintiffs did not respond to defendants' motions until May 23, 1994, the day of the summary judgment motion hearing. On that date, they filed a memorandum in opposition to the motions, supporting evidentiary materials and a motion to amend their complaint. Among other modifications, the proffered amended complaint included a new claim under 42 USC § 1983 against District. It also added an allegation to the negligence claim that plaintiffs had learned for the first time, on or about July 24, 1993, that District had been aware of "inappropriate physical contact between Bransom and female students from 1980 to 1993 but had failed to do anything about it." The amended complaint also distinguished between claims against Bransom in his capacity as a teacher and those in his capacity as an individual. The evidentiary material that plaintiffs submitted in opposition to summary judgment included the proposed and final orders of revocation by the Commission.

On appeal, plaintiffs make the following assignments of error: (1) "The trial court erred in not allowing the amended complaint or in not considering the facts as they would be presented in an amended complaint." (2) "The court erred in ruling that the tort notice to defendants was required." Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. ORCP 47 C. *Jones v. General Motors Corp.*, 139 Or App 244, 911 P2d 1243

(1996). Moreover, we will not consider any issue raised on appeal unless plaintiffs preserved that issue in the trial court. ORAP 5.45(2).

■     We consider plaintiffs' second assignment of error first because it has bearing on our analysis in regard to the first assignment of error. Plaintiffs argue that notice was not required as to its claims against Bransom. They concede that District cannot be liable for Bransom's actions beyond the scope of his employment. As to conduct that did not fall within the scope of Bransom's duties as a teacher, there was no tort notice required under ORS 30.275. Bransom argues that summary judgment was properly granted as to him because plaintiffs' initial complaint alleged claims against him in his capacity only as a teacher-employee of District and because plaintiffs did not give notice to District within 180 days of their April 1992 writing. In other words, Bransom argues that because the complaint alleges claims against him as a teacher, the claims fail as a matter of law, because plaintiffs did not provide the required tort claims notice. We disagree with Bransom's supposition regarding the nature of plaintiffs' claims against him. Plaintiffs alleged that Bransom engaged in sexual conduct with their daughter. Sexual conduct between a minor student and a teacher is not within the parameters of the responsibilities of a teacher as a matter of law. Thus, based on the allegations that plaintiffs rely on for their claims against Bransom, they were not required to provide tort claims notice. Consequently, the claims do not fail for lack of notice.[3]

■ ■     Nevertheless, to preclude summary judgment, plaintiffs must offer evidence that raises a genuine issue of material fact in support of their allegations. There is a dispute about whether Bransom had sexual intercourse with plaintiffs' daughter between 1991 and 1992 according to the information contained in the proposed Order of Revocation.[4]

---

[3] Bransom also argues that plaintiffs' allegation that "at all times [Bransom] was a teacher * * * at Eagle Point Middle School" is an allegation that Bransom's conduct was within the course and scope of his employment. Although plaintiffs' complaint contains allegations that could be read as alleging a *respondeat superior* relationship regarding Bransom's conduct, the gravamen of plaintiffs' claim against him allege acts that are not within the scope of responsibilities of a teacher.

[4] Bransom argues that this evidence is hearsay and cannot be considered in the summary judgment record. However, Bransom failed to make that objection to the

Consequently, the trial court erred in granting summary judgment in favor of Bransom.

■    As to plaintiffs' claim against District, the initial complaint alleges:

"Defendant, School District 9, was negligent in one or more of the following particulars:

"1)   In failing to immediately tell the parents of [plaintiffs' daughter] of suspected excessive physical interaction between Bransom and [plaintiffs' daughter] and other students;

"2)   In failing to immediately tell Bransom to stop having excessive physical interaction with [plaintiffs' daughter] and with other students;

"3)   In failing to warn [plaintiffs' daughter] of Bransom's behavior, after it was known to Eagle Point School District 9;

"4)   In failing to provide counseling for [plaintiffs' daughter], to help her deal with Bransom's behavior."

Plaintiffs concede that they did not plead compliance with ORS 30.275. However, they first argue that they satisfied the notice requirement for their negligence claim against District by the patron's complaint that they submitted to District in April 1992. Alternatively, they maintain that the 180-day tort notice requirement did not begin to run until July 1993, when they became aware of the Commission's report and that, because their action was filed within 180 days of that date, they complied with the requirements of the statute. As we have indicated, we will not review an issue on appeal unless it was raised to the trial court below. Because there is no transcript of the argument on the motion for summary judgment, our review to determine what was argued below is limited to the parties' written memorandums submitted to the trial court.

The substantive portions of plaintiffs' memorandum in their entirety read:

---

trial court. In the absence of any objections, we will consider the evidence. *Knez Building Materials Company v. Manikas*, 113 Or App 220, 222 n 2, 831 P2d 80 (1992).

### "NOTICE TO BRANSOM

"Defendant Bransom is only entitled to notice for acts committed within the course and scope of his employment. Sexual relations with a student, including sexual relations in her own home, hardly qualify as such acts.

### "NOTICE TO SCHOOL DISTRICT

"If the District makes payment on the claim, there is no notice requirement. We have alleged that counseling services offered by the District constitute such a payment. Furthermore, counseling services offered by Dr. Ed Pearson were possibly paid by the District. This has not yet been verified through discovery.

"Under the Civil Rights claim (Sec. 1983) defendants are not entitled to Oregon Tort Claims Act notice. *Sanok v. Grimes*, 306 Or 259, 760 P2d 228 (1988).

### "AMENDED PLEADINGS

"It is appropriate for the court to deal with issues beyond the pleadings, if an amendment to a pleading would raise those issues. *U. S. National Bank of Oregon v. Miller*, 74 Or App 405, 703 P2d 246 (1985).

"Under ORCP 23C the proposed amendments to the pleadings relate back to the time the complaint was filed, since the claim arises out of the same conduct as previously pleaded.

### "CIVIL RIGHTS (1983) CLAIM

"It is clear that this is an appropriate statute to utilize in filing this claim.

"This claim may be filed in State Court."

(Some citations omitted.)

As is evident from the contents of plaintiffs' trial memorandum, there is no suggestion that plaintiffs argued to the trial court that they satisfied the notice requirements for their negligence claim against District in their original complaint with the patron's complaint that they submitted to District in April 1992, or that the time period started running in July 1993, after they learned of the Commission's report.

Accordingly, we reject those arguments because there is no record that they were preserved below.[5]

■      Finally, plaintiffs argue that no notice was required regarding their section 1983 claim. *See Sanok v. Grimes*, 306 Or 259, 262, 760 P2d 228 (1988). Plaintiffs' section 1983 claim is based on their allegations in the amended complaint, the filing of which was never authorized by the trial court. Consequently, their remaining argument under their second assignment of error fails unless the trial court erred in refusing to grant leave for plaintiffs to file the amended complaint or in not considering facts on which the claim is based as if they had been alleged. Therefore, we turn to the first assignment of error.

Plaintiffs argue that "[i]f the facts would justify an amended complaint, then the trial court is obligated to treat the complaint as if it had already been amended." They rely on *U. S. National Bank*, and *Hussey v. Huntsinger*, 72 Or App 565, 696 P2d 580 (1985). It is important to understand that plaintiffs do not argue that the trial court improperly exercised its discretion in refusing to grant leave to plaintiffs to file their amended complaint, nor is there any suggestion in the record that they told the trial court that, in the exercise of its discretion, it ought to grant the motion because of the lack of prejudice to defendants. Rather, they argue here and appear to have argued below that the trial court was compelled to permit the amendment under the cases cited. That argument is tantamount to arguing that the trial court was without discretion to deny the motion to add a new theory to

_____

[5] Judge Warren's dissent is wrong when it says that the record demonstrates that plaintiffs preserved below the issue of whether their initial complaint alleges a section 1983 claim. There is nothing in the text of the memorandum that they submitted to the trial court that refers only to the original complaint. Rather, as the above text indicates, the only reference to any pleading is to "Amended Pleadings." Also, the reference in the memorandum to the section 1983 claim is devoid of any statement that is referable to the original complaint. Moreover, plaintiffs did not raise the issue of whether the original complaint alleges a section 1983 claim to us in their briefs or at oral argument. Their statement in their brief that the "facts which plaintiffs are asserting in their complaint and in their amended complaint are certainly sufficient for a claim under 42 USCA § 1983" recognizes that the allegations in both pleadings are required to be made to make such a claim. In sum, there is not an express assertion in either record that supports Judge Warren's premise that plaintiffs argue that the original complaint alleged a section 1983 claim.

the case because plaintiffs produced evidence to support their section 1983 claim.

In *Hussey*, the plaintiff brought an action for outrageous conduct arising out of the defendant's attempt to collect a judgment that the plaintiff asserted she did not owe. The defendant was a lawyer employed by a codefendant, the State Accident Insurance Fund (SAIF). During the course of discovery, the defendants requested a written admission pursuant to ORCP 45 that the plaintiff had not provided timely notice of a tort claim under ORS 30.275. The plaintiff responded to the written admission by denying the defendants' assertion and attaching a copy of a letter that she had sent to a SAIF employee as proof of notice. Because that employee was not a person responsible for administering claims on behalf of SAIF as defined by statute, the letter did not constitute effective notice.

The defendants then moved for summary judgment, arguing that the plaintiff had not complied with the statutory notice requirement. At the summary judgment hearing, the plaintiff offered evidence of an oral conversation between plaintiff's lawyer and SAIF's lawyer. In that conversation, plaintiff's lawyer furnished the information that could have complied with the statutory notice requirement. Relying on that evidence, the plaintiff argued that summary judgment was precluded. The defendants countered that the allegations in the plaintiff's complaint and her response to the request for admissions prevented the plaintiff from relying on anything other than the letter as notice to SAIF. The trial court agreed and granted summary judgment.

We reversed the summary judgment and explained that the resolution of the issue involved the interplay between ORCP 23 B,[6] which provides that courts shall readily allow amendments to the pleadings to conform to the evidence at trial and ORCP 47, which governs summary judgments. Relying on the federal case law for the FRCP

---

[6] ORCP 23 B provides:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. *If evidence is*

counterparts to ORCP 23 B and ORCP 47, we concluded that if facts exist in a summary judgment evidentiary record that justify an amended complaint, the complaint is to be treated as though it were already amended to conform it to the evidence. *Hussey*, 72 Or App at 569.

In *U. S. National Bank*, the issue was again whether summary judgment was properly granted. The plaintiff, a personal representative of an estate, brought a claim against the defendants for "money had and received." In contravention of the defendants' motion for summary judgment, the plaintiff argued that its claim was based on evidence that the defendants had acquired the property through breach of a confidential relationship, had paid for only half of its value and that the defendants had wrongfully repudiated an earnest money agreement between the defendants and the decedent. The trial court granted summary judgment.

On appeal, the defendants argued that, because the plaintiff had not alleged the confidential relationship and the repudiation of the earnest money agreement in its pleading, the plaintiff's evidence regarding those issues was outside the scope of the summary judgment proceedings, and therefore, it could not be considered as raising genuine issues of material fact. We disagreed with the defendants' argument and reversed the summary judgment. We emphasized that the court's role in reviewing a summary judgment record is to "'draw all inferences from the pleadings, affidavits and other supporting material in the light most favorable to the party opposing the motion.'" *U. S. National Bank*, 74 Or App at 409 (quoting *Hodecker v. Butler*, 64 Or App 167, 170, 667 P2d 590 (1983)). We then said:

> "[O]n a motion for summary judgment, the affidavits may raise issues that go beyond the pleadings if an amendment of a pleading to raise those issues would be warranted. The trial court *in its discretion*, properly could have permitted

---

*objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended* when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining an action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence." (Emphasis supplied.)

plaintiff to amend its complaint to raise those issues had plaintiff moved to amend. Therefore, it is proper to consider those matters that go beyond the scope of the pleadings * * *." *Id.* at 409 (citations omitted; emphasis supplied).

*Hussey* and *U. S. National Bank* are opinions about the admissibility of evidence at a summary judgment hearing. This case is in a different posture than that framed by the parties' arguments in *Hussey* and *U. S. National Bank.* Here, plaintiffs sought by their motion to add a new claim that had not been previously pleaded, a claim predicated on evidence introduced into the summary judgment record that was relevant to the negligence claim already pleaded. In *Hussey* and *U. S. National Bank,* the issue was whether in contravention of a summary judgment motion, the trial court could consider evidence of facts that had not been pleaded but tended to support the existing claims for relief. In neither case was there a motion to add a new legal theory to the case. Our references in those cases to the provisions of ORCP 23 B were abstract because the only issues before us were evidentiary issues: whether the evidence proffered by the plaintiffs was admissible under the claims that had been pleaded. Based on the particular issues before us, we answered those questions in the affirmative. Hence, we were not called upon specifically to define the trial court's discretion under ORCP 23 B to deny amendments.

Thus, contrary to plaintiffs' argument, there is nothing in our holdings in *Hussey* and *U. S. National Bank,* when properly understood, that compels a trial court to grant a motion that would add a new claim based on a new legal theory to an existing pleading. Moreover, if we were to accept plaintiffs' argument that our holdings in those cases required the trial court to permit the filing of their amended complaint, the effect would be to divest trial courts of the discretion granted by ORCP 23 B. *See Navas v. City of Springfield,* 122 Or App 196, 857 P2d 867 (1993) (holding that a trial court has no authority to render a decision on an issue not framed by the pleadings subject to the exceptions set forth in ORCP 23 B).

In summary, we disavow any interpretation of *Hussey* or *U. S. National Bank* that would require a trial

court to allow a party to amend its pleadings to add a new claim based on a new legal theory simply because that party produced evidence in the summary judgment hearing that supports the claim. Trial courts retain the discretion under ORCP 23 B as defined by the rule to allow or deny amendments, and *Hussey* and *U. S. National Bank* do not impinge on that authority.[7] Here, plaintiffs make no argument as to how the trial court abused its discretion under the standards of ORCP 23 B. Instead, plaintiffs seek to impose a different and erroneous standard, one that would compel trial courts to grant motions to amend pleadings to add new theories in the middle of trials. We reject plaintiffs' argument for the above reasons and, consequently, we conclude that the trial court correctly granted summary judgment to District.

Reversed and remanded as to claims against defendant Bransom; otherwise affirmed.

**WARREN, J.,** concurring in part and dissenting in part.

I concur in the majority opinion with one exception.[1] Because I believe that plaintiffs' original complaint was sufficient to state a claim against District under 42 USC § 1983, I dissent from the affirmance of the trial court's dismissal of that claim.

Plaintiffs did not label any claim in their original complaint as being a claim under section 1983. However, the Fourth Claim for Relief, which they labeled "Negligence," contains sufficient allegations to state a section 1983 claim. It therefore *does* state such a claim. In Oregon, a pleader does not expressly plead a legal theory; rather, the pleader alleges facts. ORCP 18; *Gabel v. Armstrong*, 88 Or 84, 90, 171 P 190 (1918); *Hanna v. Hope*, 86 Or 303, 308-09, 168 P 618 (1917).

---

[7] Likewise, in *Double Eagle Golf, Inc. v. City of Portland*, 134 Or App 60, 894 P2d 514, *aff'd on other grounds* 322 Or 604, 910 P2d 1104 (1996), the plaintiff sought to amend its complaint under ORCP 23 A to assert a claim under an ordinance rather than a statute after the trial court had ruled on a summary judgment in favor of the defendant. We held that the denial of leave to amend was not an abuse of discretion under the circumstances.

[1] I note that ORS 342.175(2), which requires revocation of a teacher's license upon conviction of any one of a number of sexual offences, supports the majority's conclusion that, as a matter of law, Bransom's alleged misconduct could not have been within the course and scope of his employment.

The court evaluates those facts to determine whether they entitle the pleader to relief. "While a claim for relief may fail to plead a specific theory, it should not be dismissed if it pleads a claim for relief under some theory, *even if it was not the one the plaintiff intended.*" *Sheets v. Knight*, 308 Or 220, 232, 779 P2d 1000 (1989). (Emphasis supplied.) Indeed, a pleading may allege two theories at the same time. *See Rogue River Management Co. v. Shaw*, 243 Or 54, 61, 411 P2d 440 (1966) ("the allegations [of the second affirmative defense] supported two theories but the evidence supported only one of them"). Stating two legal theories in one claim may make the complaint subject to a motion to strike, *see* ORCP 21 E(1), but in the absence of such a motion the pleading is sufficient to state a claim under both theories.

In the Fourth Claim for Relief, plaintiffs alleged that their daughter was a student, that Bransom was her teacher, that Bransom encouraged a more intimate relationship than that between student and teacher and that he sexually abused her. They then alleged that District knew of several incidents between Bransom and their daughter and between Bransom and other students but failed to tell the parents about those incidents. Finally, they alleged that District was negligent in (1) failing to tell them about the suspected physical interaction between Bransom and their daughter and between Bransom and other students; (2) in failing to tell Bransom immediately to stop that excessive physical interaction; (3) in failing to warn their daughter of Bransom's behavior after it was known to District; and (4) in failing to provide counseling to their daughter to help her deal with Bransom's behavior.

The allegations of plaintiffs' negligence claim were sufficient to state a section 1983 claim against a supervisor of a sexually abusive teacher under the test established in *Doe v. Taylor Independent School Dist.*, 15 F3d 443, 450-54 (5th Cir), *cert den* 513 US 815 (1994), a test that the District Court for Oregon has applied in at least one case, *Plumeau v. Yamhill Cty. Sch. Dist.*, 907 F Supp 1423 (D Or 1995). The criteria for finding a school district liable for a teacher's conduct appear to be the same, *see Monell v. New York City Dept. of Soc. Serv.*, 436 US 658, 98 S Ct 2018, 56 L Ed 2d 611 (1978); *Doe*, 15 F3d at 452 (majority), 463 (Higginbotham, J., concurring).

In their original complaint, plaintiffs alleged facts that could support findings in their favor on each of the *Doe* tests: (1) that District learned of facts or a pattern of inappropriate sexual behavior by Bransom that pointed plainly to the conclusion that he was sexually abusing plaintiffs' daughter; (2) that District demonstrated deliberate indifference to plaintiffs' daughter's constitutional rights by failing to take action that was obviously necessary to stop the abuse; and (3) that the failure caused a constitutional injury to plaintiffs' daughter. *See Doe,* 15 F3d at 454. In their proposed amended complaint, plaintiffs simply clarified and extended the allegations of the section 1983 claim that was already implicit in the original negligence claim. Because plaintiffs stated a section 1983 claim against District in their original complaint, the trial court erred in dismissing that claim whether or not it abused its discretion in denying them leave to file an amended complaint.[2] Because the majority affirms that dismissal, I dissent.

**ARMSTRONG, J.,** concurring in part and dissenting in part.

I concur with the majority on all issues except its disposition of plaintiffs' section 1983 claim. Plaintiffs rely on *U.S. National Bank v. Miller,* 74 Or App 405, 409, 703 P2d 246 (1985), and *Hussey v. Huntsinger,* 72 Or App 565, 568-69, 696 P2d 580 (1985), for the proposition that, in ruling on the District's motion for summary judgment, the trial court was required to treat their complaint as having been amended to state a section 1983 claim. The majority rejects that argument by drawing a distinction between amendments to change the factual assertions in a claim and amendments to add a new claim. *See* 143 Or App at 160-63. Although the

---

[2] The majority states that plaintiffs did not make this argument to the trial court or to us. Although the lack of a transcript limits our knowledge of what they argued to the trial court, the record is sufficient to show that they preserved the issue. In their memorandum to the trial court, they pointed out that notice under the Tort Claims Act is unnecessary *before* referring to their attempt to amend their complaint. They then discussed the appropriateness of a section 1983 claim in a separate section *after* discussing their proposed amended complaint. While they may have focussed on the amended complaint in arguing for a section 1983 claim, they did not limit the claim to the proposed amendment. Similarly, in this court they stated that the "facts which plaintiffs are asserting *in their complaint* and in their amended complaint are certainly sufficient for a claim under 42 USCA § 1983." (Emphasis supplied.) That is an express argument that their original complaint stated a section 1983 claim.

majority argues otherwise, the import of its decision is that a court must treat pleadings as amended in ruling on a motion for summary judgment if the amendment changes the facts at issue on an existing claim, but it has discretion whether to do that if the amendment adds a new claim.

I can find nothing in the relevant Oregon procedural rules, or in the federal cases interpreting the federal rules on which the Oregon rules are based, that supports such a distinction. Consequently, as long as *U.S. National Bank* and *Hussey* remain good law in Oregon, I believe that the trial court was required to deny the District's motion for summary judgment.

I believe, however, that we should overrule *U.S. National Bank* and *Hussey* and hold that a party must move to amend the pleadings to resist summary judgment if the factual issue on which the party relies to avoid summary judgment is one whose relevance depends on amended pleadings. That change is consistent with the logic that underlies the relevant procedural rules.

Under those rules, the pleadings frame the issues for trial. For an issue of fact to be a triable issue, whether on a motion for summary judgment or at trial, it must be one that is raised by the pleadings. If the pleadings do not raise an issue that a party wishes to try, the party must amend the pleadings to try that issue unless the opposing party agrees, whether explicitly or implicitly, to try the issue notwithstanding its omission from the pleadings. *See* ORCP 23 B.

ORCP 23 governs the amendment of pleadings. It is based on FRCP 15, so cases interpreting the federal rule provide persuasive authority on the interpretation of the Oregon rule. ORCP 23 A provides that "leave [to amend pleadings] shall be freely given when justice * * * requires." ORCP 23 B, in turn, provides liberal authority for amendment of pleadings to conform to the evidence.

Considering the comparable provisions in FRCP 15, Moore asserts that FRCP 15

"requires [a] trial court to permit a party to amend its pleading before entering summary judgment for the opposing party, which is an adjudication of the action on the merits, unless the application to amend smacks of dilatory tactics or in some other respect fails to further justice."

*Moore's Federal Practice* ¶ 56-10, at 56-93 to -94 (2d ed 1988) (footnotes and citations omitted). Similarly, Wright, Miller and Kane state that

"denial of leave to amend a pleading * * *, even if technically erroneous, is not prejudicial if the amendment would not have affected the decision to grant summary judgment against [the] plaintiff. Conversely, if an amendment would change the result on the motion, it should be permitted and summary judgment denied."

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2722, at 48 (2d ed 1983) (footnotes and citations omitted).

There is ample case authority to support those assertions.[1] As the quotation from Moore suggests, there are limited circumstances in which a court can deny a motion to amend pleadings in response to a motion for summary judgment:

" 'Only limited circumstances justify a district court's refusal to grant leave to amend pleadings: Undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party.' "

*Costello, Porter v. Providers Fidelity Life Ins.*, 958 F2d 836, 839 (8th Cir 1992) (citations omitted). None is present in this case.

Nothing suggests that plaintiffs are guilty of bad faith or that the claim that they proposed to add was futile. In this setting, unfair prejudice refers to the inability of the opposing party to address the amended claim on its merits.[2]

[1] *See, e.g., Costello, Porter v. Providers Fidelity Life Ins.*, 958 F2d 836, 839 (8th Cir 1992); *Gary Plastic Packaging v. Merrill Lynch, Pierce, Fenner & Smith*, 756 F2d 230, 236-37 (2d Cir 1985); *William Inglis & Sons Bakery Co. v. ITT Continental Baking Co.*, 668 F2d 1014, 1053 (9th Cir 1981), *cert den* 459 US 825 (1982); *Retail Clerks International Ass'n v. Lion Dry Goods, Inc.*, 341 F2d 715, 722-23 (6th Cir), *cert den* 382 US 839 (1965); *Castner v. First Nat'l Bank of Anchorage*, 278 F2d 376, 384-85 (9th Cir 1960).

[2] *See, e.g., Samuels v. Wilder*, 871 F2d 1346, 1348-51 (7th Cir 1989); *William Inglis & Sons Bakery Co. v. ITT Continental Baking Co.*, 668 F2d 1014, 1053 n 68 (9th Cir 1981), *cert den* 459 US 825 (1982).

Here, nothing suggests that the District would have been prejudiced in its ability to defend plaintiffs' proposed section 1983 claim on the merits if the amendment to add the claim had been allowed.

Finally, plaintiffs cannot be charged with undue delay in seeking the amendment. The federal cases in which undue delay has been found are ones in which years have elapsed between the filing of the original complaint and the motion to amend or in which the motion to amend was filed after discovery had closed.[3] Here, plaintiffs filed their complaint on October 29, 1993, and served the District on November 2, 1993. The District's answer was due on December 2, 1993, but it was not filed until February 1, 1994. The District filed its motion for summary judgment on April 4, 1994. Seven weeks later, plaintiffs filed their response to the motion, which included their motion for leave to file an amended complaint to add the section 1983 claim.

The delay between the time in which the District raised the tort-claim notice issue and when plaintiffs sought to amend their complaint to address that issue does not begin to approach the delay that has been found to warrant denial of a motion to amend pleadings. *See* note 3. Leave to amend pleadings is to be "freely given" so that cases can be decided on their merits. Given the relevant considerations, I would hold that the trial court abused its discretion under ORCP 23 when it denied plaintiffs leave to file their amended complaint. I therefore respectfully dissent from the decision to affirm that denial and the granting of summary judgment in favor of the District on plaintiffs' section 1983 claim.

Riggs and De Muniz, JJ., join in this dissent.

---

[3] *See, e.g., NL Industries v. GHR Energy Corp.*, 940 F2d 957, 963-64 (5th Cir 1991), *cert den* 502 US 1032 (1992) (two years elapsed between filing of complaint and proposed amendment); *Johnson v. Educational Testing Service*, 754 F2d 20, 23, 27 (1st Cir), *cert den* 472 US 1029 (1985) (nine years elapsed between filing of motion for summary judgment and motion to amend); *Carroll v. Pittsburgh Steel Co.*, 103 F Supp 788, 788-90 (WD Pa 1952) (motion to amend filed after court had granted summary judgment, which was 18 months after filing of original complaint).