Argued and submitted October 17, 1996, reversed and remanded January 22,
petition for review denied May 27, 1997 (325 Or 368)

Kathryn E. LEVINE,
*Appellant,*

*v.*

ALPHA ANESTHESIA, INC.,
*Defendant,*

*and*

Theodore TREIBICK,
*Respondent.*

(95-0117-L-3; CA A91877)

931 P2d 812

Ervin B. Hogan argued the cause for appellant. With him
on the brief was Blackhurst, Hornecker, Hassen & Hogan.

Walter L. Cauble argued the cause for respondent. With him on the brief was Schultz, Salisbury, Cauble, Versteeg & Dole.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

**EDMONDS, J.**

Plaintiff seeks to hold defendant Treibick, the sole shareholder, director and president of defendant corporation,[1] personally liable for damages awarded to plaintiff following her successful action against another corporation for breach of her employment contract. Plaintiff appeals from a judgment entered after the trial court granted Treibick's motion for summary judgment. ORCP 47. We reverse.

We review the record in the light most favorable to plaintiff. Treibick, an anesthesiologist, is the sole shareholder, director and president of two corporations. In 1985, he incorporated Alpha Anesthesia, Inc. (AAI), a Massachusetts corporation, for the purpose of managing the anesthesia departments of small hospitals in the eastern United States. As part of its business, AAI contracted with anesthesiologists and certified registered nurse anesthetists (CRNA) to provide services to the hospitals.

In 1989, AAI entered into a contract with Josephine Memorial Hospital (JMH) in Grants Pass to provide similar services. AAI also contracted with Dr. Genskow, an anesthesiologist, to provide services to JMH pursuant to its agreement with JMH. As a part of that agreement, Genskow agreed not to compete with AAI in Josephine County for 18 months in the event that his contract with AAI was terminated. In 1990, defendant incorporated Anesthesia Affiliates of Oregon, Inc., (AAO), in order to provide services to JMH and also in the hope that a local corporation would attract new business in the western United States. In December 1990, AAI assigned the AAI/JMH contract to AAO, but in 1991 JMH terminated the assigned contract.[2]

Also in 1991, Genskow sued AAI to resolve disputes regarding his contract with AAI and his ability to practice medicine at JMH. In part to settle that law suit, AAI and AAO entered into a contract with Genskow on September 9, 1992. That contract provided, in part:

---

[1] Defendant Alpha Anesthesia, Inc., was dismissed on appeal.

[2] The record does not disclose when in 1991 AAO's contract with JMH was terminated.

"2.01  AAI and AAO shall assign, transfer and sell to Dr. Genskow, effective as of the Closing, their right and interest in the intangible assets of their business of arranging anesthesia coverage for [JMH], specifically consisting of their rights to engage persons to perform anesthesia services at [JMH] who previously had performed such services under arrangements with AAI or AAO and * * * the benefit of any non-competition covenants such persons may have executed in favor of AAI or AAO. In consideration of said transfer and sale, Dr. Genskow shall pay AAI the amount of $25,000.

"2.02  AAI and AAO each agrees that, for a period of three (3) years following the Closing, it shall not, either directly or indirectly, establish, engage in, own, manage, operate, join, control, or finance or participate in the ownership, management, operation or control of, an anesthesia department or an anesthesia medical practice in Josephine County, Oregon. * * * In consideration for these covenants not to compete, Dr. Genskow shall pay AAI the amount of $175,000."

In the agreement, Genskow also released AAI, AAO and their stockholders and officers from all claims arising from their previous relationship.

Plaintiff is a CRNA. In 1990, AAO contracted with plaintiff for her to provide CRNA services to JMH. In March 1991, plaintiff was injured while working and filed a workers' compensation claim against AAO. AAO and plaintiff settled the workers' compensation claim, and, in a document dated October 7, 1992, plaintiff released AAO from liability for that claim. AAO also terminated plaintiff's employment in May 1991.

Plaintiff sued AAO for breach of her employment contract in March 1993 and was awarded judgments for damages and attorney fees in 1994. AAO failed to satisfy the judgment. In this action, plaintiff seeks to hold Treibick personally liable for the 1994 judgments against AAO, alleging that as the sole shareholder, director and president of both AAI and AAO, he improperly caused the proceeds from the AAI/AAO/Genskow contract to be paid to AAI in order to avoid

payment of any obligations to plaintiff under AAO's contract with her.[3]

Pursuant to ORCP 47, Treibick moved for summary judgment. He argued that the $200,000 was paid by Genskow to AAI because AAO was no longer in business after the AAO/JMH contract had been terminated by JMH in 1991 and that there is no evidence that AAO conveyed anything of value to Genskow. Plaintiff responded:

> "By defendant's own affidavit, there is evidence that defendant * * * controls both corporations and that AAI, AAO and [defendant] shifted capital, liabilities, and receivables back and forth at the whim and pleasure of [defendant]. *It is also apparent that the $200,000 receivable [from the AAI/ AAO/Genskow contract] should belong to AAO.* If that $200,000 was still a part of AAO's capital account, plaintiff's judgment would be satisfied." (Emphasis supplied.)

Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 139 Or App 244, 911 P2d 1243, *rev allowed* 323 Or 483 (1996). To preclude summary judgment, plaintiff must offer evidence that raises a genuine issue of material fact in support of her argument that Treibick is personally liable for AAO's corporate debt. A genuine issue of material fact exists if an objectively reasonable juror could find for plaintiff.

As a general rule, the corporate form will not be disregarded solely because all of the stock of the corporation is owned by one person who also exercises control of the corporation. *Amfac Foods v. Int'l Systems*, 294 Or 94, 107, 654 P2d 1092 (1982). To pierce the corporate veil for purposes of personal shareholder liability where actual control by the shareholder exists, improper conduct by the shareholder must be

---

[3] Because there is no transcript of oral argument on the motion for summary judgment, our ability to determine what was argued below is limited to the parties' written memoranda submitted to the trial court. On appeal, plaintiff also seeks to "pierce the corporate veil" on the ground that AAO was undercapitalized at inception. Plaintiff failed to raise this issue to the trial court. Therefore, we will not consider that argument on appeal. *Finney v. Bransom*, 143 Or App 154, 159, 924 P2d 319 (1996).

demonstrated. Also, a plaintiff must prove a relationship between the shareholder's misconduct and the plaintiff's injury. *Id.* at 111.

■    In this case, it is uncontroverted that Treibick exercised actual control of both AAI and AAO. We turn first to the question of whether there is evidence in the summary judgment record that his conduct was improper. Even though AAO no longer had its contract with JMH, it was a party to the contract with Genskow. The AAI/AAO/Genskow contract refers to contract rights held by AAO to engage persons who had previously provided services to it and assigns those rights to Genskow. Also, AAO agrees in the contract not to compete with Genskow for a period of three years. Those are interests that are separate from the terminated contract with JMH. In exchange for those interests, AAO received no consideration. The fact that AAO conveyed interests of apparent value under the agreement gives rise to a reasonable inference that they have value. Based on this record, an objectively reasonable juror could find that the compensation due AAO for the interests that it conveyed to Genskow was funneled to AAI.

Also, there is evidence that workers' compensation claim settlement negotiations were conducted between March 1991, the date of plaintiff's injury, and October 7, 1992. Plaintiff's employment contract was breached within that same time period. AAO, by Treibick as president, signed the AAI/AAO/Genskow contract on September 9, 1992. An objectively reasonable juror could find that Treibick knew at that time that AAO had exposure under its contract with plaintiff and that he diverted monies owed to AAO under the Genskow contract to AAI in order to render AAO judgment-proof. Such a finding would satisfy the "improper conduct" element of the *Amfac* test and also establish the requisite relationship between the "improper conduct" and plaintiff's damage. We conclude that, because of those issues of fact, the trial court erred by granting summary judgment to Treibick.

Reversed and remanded.