**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT



PROBUILDERS SPECIALTY
INSURANCE COMPANY, RRG, a
foreign insurance company,

        Plaintiff-Appellee,

  v.

PHOENIX CONTRACTING, INC., an
Oregon corporation; FHC, LLC, an
Oregon limited liability corporation,

        Defendants-Appellants.

No.   17-35861

D.C. No. 6:16-cv-00601-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted November 7, 2018[**]
Portland, Oregon

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  FERNANDEZ and IKUTA, Circuit Judges, and SESSIONS,*** District Judge.

Phoenix Contracting, Inc. and FHC, LLC appeal the district court's grant of summary judgment in favor of Probuilders Specialty Insurance Company and the district court's denial of appellants' motion for relief from that judgment.  *See* Fed. R. Civ. P. 60(b).

Phoenix's insurance policy provided that "as a condition precedent" to the policy's application to "any claim in whole or in part based upon work performed by [Phoenix's] independent contractors," Phoenix must have obtained specified indemnity agreements and insurance certificates from such contractors.  This condition precedent (referred to as the Contractors Special Conditions or CSC endorsement) is not a condition of forfeiture, because it does not operate to "nullif[y] otherwise pre-existing coverage."  *See McBride v. State Farm Mut. Auto. Ins. Co.*, 282 Or. App. 675, 686–87 (2016) (internal quotation marks omitted).  Because there is no dispute that Phoenix failed to fulfill the condition precedent, the insurance policy does not apply to the claims in FHC's complaint that Phoenix negligently and in violation of its construction contract failed "to properly oversee and check work done by subcontractors," which were the only claims aimed at

***　　　The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

2

Phoenix. There is no evidence in the record that the settlement between Phoenix and FHC involved any other claims, and so a declaration from Phoenix's expert suggesting that FHC could have brought claims against Phoenix for its own negligent work is irrelevant. *See Bresee Homes, Inc., v. Farmers Ins. Exch.*, 353 Or. 112, 126 (2012). Therefore, Probuilders had no duty to defend or indemnify Phoenix.

The CSC does not violate Oregon's anti-indemnity statute, *see* O.R.S. § 30.140 (1)–(2), or Oregon's comparative negligence statute, *see* O.R.S. § 31.600, because it does not require subcontractors or their insurance companies to indemnify or defend a general contractor for the general contractor's own liability. *See Walsh Constr. Co. v. Mut. of Enumclaw*, 338 Or. 1, 4 (2005). Nor did the district court err in noting that Probuilders may be entitled to seek reimbursement of the defense costs it incurred given that the district court expressed no opinion on the merits of such a reimbursement claim, and Phoenix cites no case holding that such a reimbursement is prohibited under Oregon law.

**AFFIRMED.**[1]

---

[1] The motions by United Policyholders and the Oregon Washington Community Association Managers seeking leave to file amicus curiae briefs are granted. *See* Fed. R. App. P. 29(a).