Argued and submitted December 10, 1984, reversed and remanded March 6, 1985

# HUSSEY,
## *Appellant,*
### *v.*
# HUNTSINGER et al,
## *Respondents.*

### (83-4-449; CA A30734)

696 P2d 580

David C. Force, Eugene, argued the cause and filed the briefs for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff brought this action for outrageous conduct arising out of defendant Huntsinger's alleged attempt to collect a judgment which, plaintiff asserts, she did not owe. Huntsinger is a lawyer employed by defendant SAIF. The trial court allowed defendants' motion for summary judgment on the ground that plaintiff failed to give the tort claim notice required by ORS 30.275. Plaintiff appeals. We reverse.

Plaintiff's action is barred unless she gave proper notice of her claim. Her second amended complaint alleges in pertinent part:

"Plaintiff communicated, and defendants received, notice of her claim as alleged hereinabove on or before September 30, 1982, in the manner required by ORS 30.275(3)(b)."

Defendants moved for summary judgment, ORCP 47, on the ground that plaintiff failed to comply with the notice requirements of ORS 30.275. The evidence submitted by affidavits shows that on September 30, 1982, the date alleged in the amended complaint, plaintiff's attorney wrote to an employe of SAIF. The letter referred to plaintiff's claim.[1] The employe was not a "person responsible for administering claims" on behalf of SAIF as defined by ORS 30.275(6).[2] Within 14 days

---

[1] The letter of September 30, 1982, states in part:

"Attached is a copy of your letter of demand for recovery of costs. If this is a 'clerical' error as you indicate, it is a very nasty one. Mistakenly sending a threatening letter to a compensation claimant, signed by an attorney, is actionable under principles not restricted by the Workers' Compensation Acts.

"I do concur that there was no unreasonable resistance, refusal, or delay. Whether you wish to defend on that basis is up to you, because the allegation at least invokes the jurisdiction of the Hearings Division. If the Hearings Division has no jurisdiction to assess a penalty, then our only option is a civil action seeking punitive damages. I would feel that $25,000 or so would be appropriate. In lieu of that, I propose a disputed claim settlement in the sum of $5,000. The claimant would be willing to enter a covenant not to sue in a civil action, for personal injury or slander of the title to her property, as part of such a DCS."

[2] ORS 30.275(6) provides:

"Actual notice of claim is any communication by which any individual to whom notice may be given as provided in subsection (5) of this section or any person responsible for administering claims on behalf of the public body acquires actual knowledge of the time, place and circumstances giving rise to the claim, where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employe or agent of the public body. A person responsible for administering claims

of plaintiff's letter, a SAIF lawyer called plaintiff's lawyer inquiring about the claim. During that conversation, plaintiff's lawyer described the nature of plaintiff's claim and the damages that she claimed.[3] During the course of discovery, defendants requested written admissions pursuant to ORCP 45. The request included the following:

"2.   Plaintiff has never provided timely service of a notice of tort claim as required by ORS 30.275.

"Answer: (If plaintiff denies this statement a copy of the notice of tort claim is attached.)"

Plaintiff's answer was:

"Deny. Copy of the notice of tort claims [sic] is attached herewith."

The attachment was a copy of plaintiff's letter of September 30 to the SAIF employe.

On the basis of the foregoing the trial court allowed the motion for summary judgment because:

"Plaintiff's response to the request for admissions is that the letter of September 30, 1982, constitutes her notice of claim. This admission is conclusive, ORCP 45D.

"The letter is insufficient notice as a matter of substance and the addressee is not a person responsible for processing the claim."

Defendants argue that the allegations in the amended complaint prevent plaintiff from introducing evidence of any attempted notice to SAIF after September 30 and that her answer to the request for admissions limits her to the letter as her sole attempt to provide such notice.

■     The difficulties are procedural. In her complaint, plaintiff alleged that she gave notice of her claim "on or before September 30, 1982." She thereby limited her proof to the period before October 1, which would exclude evidence of the

---

on behalf of a public body is one who, as an officer, employe or agent of a public body or as an employe or agent of an insurance carrier insuring the public body for risks within the scope of ORS 30.260 to 30.300, engages in investigation, negotiation, adjustment or defense of claims within the scope of ORS 30.260 to 30.300, or in furnishing or accepting forms for claimants to provide claim information, or in supervising any of those activities."

[3] No party disputes that the SAIF lawyer is a "person responsible" under ORS 30.275(6) to whom a notice of a tort claim could be deemed sufficient.

later telephone conversation with SAIF's lawyer. The answer involves the interplay between ORCP 23B, which provides that amendments to the pleadings to conform to the proof shall be readily allowed at trial, and ORCP 47, which governs summary judgments. The Oregon rules are essentially identical to FRCP 15(b) and FRCP 56, respectively, and we therefore look to federal cases for guidance. *Garrison v. Cook,* 280 Or 205, 209, 570 P2d 646 (1977); *Hoy v. Jackson,* 26 Or App 895, 897, 554 P2d 561, *rev den* (1976).

■■ The general federal rule is that "if facts appear in affidavits which would justify an amended complaint, there may be ground for treating the complaint as though it were already amended to conform." *Seaboard Terminal Corporation v. Standard Oil Co.,* 104 F2d 659, 660 (2nd Cir 1939); *see also William Inglis, Etc. v. ITT Continental Baking Co.,* 668 F2d 1014, 1052-54 (9th Cir 1981), *cert den* 459 US 825 (1982); *Freeman v. Marine Midland Bank—New York,* 494 F2d 1334, 1338-39 (2nd Cir 1974); *National Agr. Chemicals Ass'n. v. Rominger,* 500 F Supp 465, 473 (ED Cal 1980); 6 *Moore's Federal Practice,* ¶ 56.10, 56-171 n 14; 10A Wright, Miller & Kane, *Federal Practice and Procedure,* § 2722, 47 nn 5, 6; *but see Baker v. Chicago Fire & Burglary Detection, Inc.,* 489 F2d 953, 954-55 (7th Cir 1973) (failure to raise defense of release in answer waived the issue on summary judgment). The federal cases establish a rule which will produce decisions on the merits rather than setting procedural traps for the parties, and we adopt it. In this case plaintiff presented evidence of the telephone conversation which she claims occurred after September 30. That evidence would justify an amended complaint, and we treat the complaint as if it were amended. On remand, plaintiff is entitled to make the amendments to conform to the evidence that she produced.

■ Plaintiff's answer to the request for admission does not foreclose the evidence that she presented. Defendants asked her to attach a copy of the tort claim notice, and she attached the only part of the notice process which was in writing. Defendants asked her to do no more. They did not ask her about any other kind of notice. Defendants assert that plaintiff's answer implicitly represented that the letter was the exclusive means of notice upon which she relied in this case. Even if that assertion would be correct if plaintiff had

volunteered the information, it is not correct in these circumstances. A party who truthfully answers the precise question an opponent asks can not be held, as a matter of law, impliedly to have answered a question the opponent did not ask.[4] Because all of plaintiff's evidence is admissible on the motion for summary judgment, and because that evidence raises a genuine factual issue of whether plaintiff gave notice to SAIF of her claim in the statutory manner and within the statutory time, the trial court erred in granting summary judgment for defendants.

Reversed and remanded.

---

[4] ORCP 45D permits a party to withdraw an admission with the court's approval. We do not decide the effect of that provision on a motion for summary judgment when the party does not move to withdraw the admission before a ruling on the motion.