Argued and submitted September 9, 1997, the decision of the Court of Appeals
affirmed in part and reversed in part; judgment of the circuit court affirmed
March 5, reconsideration denied April 14, 1998

Richard FINNEY
and Kathleen Finney, individually and
as guardians of Christy Finney,
a Minor Child,
*Respondents on Review,*

*v.*

Doyle H. BRANSOM,
*Petitioner on Review,*

*and*

EAGLE POINT SCHOOL DISTRICT 9,
a Public School District,
*Respondent.*

(SC S43728)

Richard FINNEY
and Kathleen Finney, individually and
as guardians of Christy Finney,
a Minor Child,
*Petitioners on Review,*

*v.*

Doyle H. BRANSOM
and Eagle Point School District 9,
a Public School District,
*Respondents on Review.*

(CC 93-3808-L-2; CA A84924; SC S43807)
(Consolidated for Argument and Opinion)

953 P2d 377

Peter Mersereau, of Mersereau & Shannon, Portland, argued the cause for petitioner on review/respondent on review, Doyle H. Bransom. Thomas W. McPherson, Portland, filed the petition.

William S. Dames, of Dames & Dames, Medford, argued the cause for petitioners on review, Richard and Kathleen Finney. Kenneth M. Jaffee, Medford, filed the petition.

Lisa Lear, of Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, argued the cause for respondent on review, Eagle Point School District 9. With her on the brief were Chrys A. Martin, and Karen M. Vickers, Portland.

Phil Goldsmith, Portland, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

Before Carson, Chief Justice, Gillette, Van Hoomissen, Graber, Durham, and Kulongoski, Justices.**

GILLETTE, J.

** Fadeley, J., retired January 31, 1998, and did not participate in this decision.

## GILLETTE, J.

This is an action by parents of a Jackson County schoolchild who allegedly was sexually abused by her eighth grade health teacher. Plaintiffs seek compensation from the teacher and from the school district that employed him for the injuries resulting from that abuse. At the trial level, both defendants prevailed on summary judgment motions. On appeal, the Court of Appeals reversed with respect to one defendant—the teacher—but otherwise affirmed. *Finney v. Bransom*, 143 Or App 154, 165, 924 P2d 319 (1996).

Both sides have filed petitions for review. Plaintiffs seek to overturn the summary judgment for the school district, as well as an implicit denial by the trial court of their motion to amend the pleadings. Defendant teacher seeks to reinstate the trial court's summary judgment in his favor. Ultimately, we conclude that plaintiffs failed to establish any error by the trial court in granting summary judgment to both defendants. We therefore reverse the decision of the Court of Appeals to the extent that it concludes otherwise.

During the relevant period, the defendant teacher, Bransom, taught at the Eagle Point Middle School, where plaintiffs' daughter was a student. In April 1992, plaintiffs complained to Bransom's employer—Eagle Point School District 9—that Bransom had been sexually abusing their daughter. They suggested that Bransom should be fired and criminally prosecuted. The Teacher Standards and Practices Commission subsequently investigated Bransom and revoked his teaching license.[1]

In October 1993, almost 18 months after their initial complaint to the school district, plaintiffs filed this personal injury action, charging the school district with negligence and charging Bransom with negligence, battery, and intentional infliction of emotional distress. In their complaint, plaintiffs alleged that, "[a]t all times relevant herein, defendant, Doyle Bransom, was a teacher licensed by the state of

---

[1] The Commission found that there was insufficient evidence to establish that Bransom had had sexual intercourse with plaintiffs' daughter. The Commission found, however, that other conduct by Bransom constituted gross neglect of duty justifying revocation of his teaching license.

Oregon, teaching at Eagle Point Middle School," where their daughter was in attendance. They further alleged that, during that period, Bransom had "flirted" with their daughter, had "hugged and kissed her and fondled her" while on school grounds, and had had sexual intercourse with her on various occasions both on and off school property. Finally, plaintiffs alleged that the school district was aware that Bransom had engaged in inappropriate behavior with their daughter and other students and had failed to notify plaintiffs or take other action.

Defendants separately moved for summary judgment on the ground that plaintiffs had failed to comply with the notice requirement of the Oregon Tort Claims Act (OTCA), ORS 30.275.[2] In its motion, the district averred that it was a public body subject to the OTCA, that plaintiffs were aware of the relevant facts by April 1992, and that it was entitled to judgment as a matter of law because plaintiffs had failed to give notice of their tort claims within 180 days of the discovery of the facts that supported their tort claims. In his motion, Bransom averred that, at all material times, he was a public employee subject to the OTCA. Otherwise, Bransom adopted the points and authorities tendered by the school district in its motion. Both defendants requested oral argument on their motions. The trial court granted their requests and scheduled a hearing five weeks later.

Plaintiffs did not respond to defendants' motions until the day of the hearing. On that day, plaintiffs filed a memorandum in opposition to the motions, supported by affidavits and other evidentiary material. Plaintiffs also filed a motion to amend their complaint in three ways: (1) to add a

---

[2] ORS 30.275 provides:

"(1) No action arising from any act or omission of a pubic body or an officer, employee or agent of a public body within the scope of ORS 30.260 to ORS 30.300[, i.e., tort actions,] shall be maintained unless notice of claim is given as required by this section.

"(2) Notice of claim shall be given within the following applicable period of time, not including the period, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity:

"(a) For wrongful death, within one year after the alleged loss or injury.

"(b) For all other claims, within 180 days after the alleged loss or injury."

new claim against the school district under 42 USC section 1983, (2) to add an allegation that they had discovered the facts relevant to their negligence claim only in July 1993, and (3) to add separate claims of negligence, battery, and intentional infliction of emotional distress against Bransom as an individual. Less than an hour before the scheduled hearing, plaintiffs faxed copies of the filings to opposing counsel.

The summary judgment hearing was not recorded. It thus is impossible to say what arguments and objections were made with regard to the newly filed materials. All we know is the result: The trial court granted the defendants' summary judgment motions, thereby implicitly rejecting plaintiffs' motion to amend their pleadings.

Plaintiffs appealed, arguing, first, that the trial court erred in rejecting their motion to amend their pleadings. Relying on two Court of Appeals' cases, *Hussey v. Huntsinger*, 72 Or App 565, 696 P2d 580 (1985), and *U.S. National Bank v. Miller*, 74 Or App 405, 703 P2d 246 (1985), plaintiffs argued that the court was obligated either to permit the amendment or to treat the complaint as if it had been amended.

Plaintiffs also argued that, regardless of the outcome on the motion to amend, the trial court erred in granting summary judgment on their original claims. In that regard, they asserted that, although there were factual issues that bore on the question, it was clear that any sexual relationship that Bransom had with their daughter was outside the scope of his employment and, consequently, beyond the scope of the OTCA.[3]

**1.** The Court of Appeals reversed the summary judgment for Bransom, but otherwise affirmed. With respect to Bransom, the court noted that plaintiffs had alleged conduct—sexual relations with a minor student—that was beyond the scope both of Bransom's teaching duties and of

---

[3] Plaintiffs also argued that they *had* complied with the 180-day notice requirement by complaining about Bransom's conduct to the school district in April of 1992. The Court of Appeals concluded that that argument had not been preserved and, thus, refused to consider it. Plaintiffs have not asserted that argument again to this court, and we do not address it.

the OTCA as a matter of law. The court then went on to explain:

> "Nevertheless, to preclude summary judgment, plaintiffs must offer evidence that raises a genuine issue of material fact in support of their allegations. There is a dispute about whether Bransom had sexual intercourse with plaintiffs' daughter between 1991 and 1992 according to the information contained in [one of the documents filed by plaintiffs on the day of the summary judgment hearing]. Consequently, the trial court erred in granting summary judgment in favor of Bransom."

*Finney*, 143 Or App at 158-59.

The Court of Appeals was less receptive to plaintiffs' remaining arguments. First, it rejected plaintiffs' contention that, under the circumstances, the trial court was obligated to permit the addition of a section 1983 claim.[4] In rejecting that contention, the court explained that nothing in either of the two cases on which plaintiffs relied undermined the ordinary discretion to allow or deny pleading amendments that trial courts enjoy under ORCP 23. *Finney*, 143 Or App at 161-65. Finally, after noting that plaintiffs did not challenge the trial court's decision under an abuse of discretion standard, the Court of Appeals concluded that the trial court did not err in denying the motion to amend and granting summary judgment for the school district. *Id.* at 165.

As previously noted, the challenges to the foregoing decision come from two different quarters. We begin with defendant Bransom's assertion that the Court of Appeals erred in reversing the summary judgment in his favor.

Bransom does not take issue with the preliminary conclusion of the Court of Appeals that, based on the allegations, plaintiffs were not required to provide a tort claims notice with respect to the claims against him. He argues, however, that, in deciding the ultimate question—whether there was an issue of *fact* that precluded summary judgment in his favor—the Court of Appeals erroneously relied on affidavits and documents that it should have disregarded. He

---

[4] Such a claim would not be subject to the OTCA notice requirement. *Sanok v. Grimes*, 306 Or 259, 262, 760 P2d 228 (1988).

notes, in that regard, that plaintiffs' supporting materials were filed long after they were due—indeed, so late that he was deprived of any opportunity to respond to them. Bransom argues that the Court of Appeals was required to exclude those late-filed materials from consideration and that, had it done so, it would have had to conclude that the trial court's award of summary judgment in his favor was proper.

Under the relevant procedural rule, ORCP 47 (C), plaintiffs had 20 days after Bransom's motion for summary judgment was filed in which to respond with opposing affidavits and supporting documents. Beyond that time, defendant was entitled to a five-day period in which to reply to any response.[5] Under that standard, there is no question that the plaintiffs' filing and the materials supporting that filing, which were served and offered for filing nearly five weeks after defendant's motion for summary judgment and only hours before the scheduled hearing, were untimely.

Defendant suggests that, in view of that untimeliness, the Court of Appeals was precluded from considering the materials on review. But that suggestion diminishes the importance of the trial court as the initial decisionmaker and, consequently, is not entirely correct. Under ORCP 47 (C), a trial court has the discretion to modify the ordinary deadline and consider late-filed materials in its summary judgment decision. If the trial court in this case had chosen to exercise its discretion in that manner, the Court of Appeals properly could have relied on them to reverse the trial court's decision, unless the trial court would have abused its discretion by permitting so late a filing. However, if the trial court refused to

---

[5] ORCP 47 (C) provides, in part:

"The motion and all supporting documents shall be served and filed at least 45 days before the date set for trial. *The adverse party shall have 20 days in which to serve and file opposing affidavits and supporting documents. The moving party shall have five days to reply. The court shall have discretion to modify these stated times.* The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

(Emphasis added.)

modify the deadline, thereby excluding the late-filed materials from its purview, the Court of Appeals could not rely on those materials to reverse the trial court, unless the decision not to modify the deadline was, itself, erroneous (*i.e.*, on the particular facts of the case, an abuse of discretion).

Plaintiffs appear to concede that the trial court could have refused to accept the late tendered materials. However, they argue that, because the materials appear in the summary judgment record and were filed without apparent objection, we can assume that the trial court modified the applicable deadlines and considered the materials in its ultimate decision on Bransom's summary judgment motion.

We find nothing in the procedural facts on which plaintiffs rely that establish, or even suggest, that the trial court either granted plaintiffs' implicit request to modify the applicable deadlines or otherwise considered the documents. To the extent that such an inference might arise out of the absence of any recorded objection to the late filing, we certainly would not give plaintiffs the benefit of that inference here, given that their late filing and service effectively deprived defendants of any opportunity to object in writing or to file a reply, as contemplated by the second sentence of ORCP 47 (C).[6] Neither are we persuaded that the fact that the documents were formally *filed* (a purely ministerial event) establishes an actual exercise of discretion in favor of plaintiffs.

Ultimately, the record does not tell us what, if any, action the trial court took with respect to the late-filed materials. However, because a decision to exclude the

---

[6] *Amicus curiae* Oregon Trial Lawyers Associations (OTLA) suggests that the late-filed materials properly may be considered on appeal, because Bransom waived any objection to them. In so arguing, OTLA notes that there is no evidence in the record that Bransom ever objected to plaintiffs' late-filed response. The *amicus* concedes that the timing of the response deprived Bransom of any opportunity to respond in *writing*, but suggests that Bransom has nothing to complain about, when he cannot point to any *oral* objection in the record.

That argument is not well taken. Where, as here, there is no transcript of the oral argument, we would have to infer *both* that Bransom made no objection *and* that the trial court did not decline to consider plaintiffs' late-filed materials *sua sponte*. Given the fact that the trial court ruled *against* plaintiffs, neither inference is permissible. It was up to the offering party either to meet the deadlines or to obtain leave to file late. Neither occurred here.

materials would justify the trial court's decision on the summary judgment motions completely,[7] we cannot conclude that the trial court chose to exercise its discretion in plaintiffs' favor.

Plaintiffs might argue that, because they are challenging a *summary judgment* decision in favor of their opponents, a contrary inference, running in *their* favor, is warranted. It is true that, when reviewing grants of summary judgment, we generally consider the record in the light most favorable to the party against whom summary judgment was granted. *See, e.g., Double Eagle Golf, Inc. v. City of Portland*, 322 Or 604, 606, 910 P2d 1104 (1996) (so stating). However, that standard of review, which applies to our consideration of the *record* on summary judgment and which derives from a trial court's responsibility with respect to the evidentiary material before it, is not relevant to the present question. When, as here, the record does not show any waiver by the trial court of the pertinent rule, the evidence that plaintiffs wish to rely on simply *is not in* the record.[8]

For the reasons stated, we hold that the Court of Appeals erred in reversing the trial court's grant of summary judgment to Bransom. We proceed to the issues raised in plaintiffs' petition for review.

Plaintiffs argue that the trial court erred in granting summary judgment for the school district on the basis of plaintiffs' failure to meet the OTCA notice of claim requirement, when the facts before the court would support a federal civil rights claim under 42 USC section 1983 (to which the OTCA is inapplicable). Plaintiffs acknowledge that their original complaint was based entirely on tort theories and that the section 1983 claim was offered in a motion to amend the pleadings. They also acknowledge that, in general, trial

---

[7] With the late-filed materials out of the picture, the trial court was required to conclude that summary judgment was warranted, because plaintiffs had failed to produce evidence that established the existence of a genuine issue of material fact.

[8] *Amicus curiae* OTLA suggests that the trial court's decision was wrong, regardless of its decision with respect to the late-filed materials. It argues, in particular, that Bransom's summary judgment motion should have been denied, because Bransom never met his initial burden of showing that there were no genuine issues as to any material fact. We do not consider that argument, because it was never presented in any recognizable form to the Court of Appeals.

courts have discretion to deny motions to amend. Nevertheless, they argue that the trial court erred in refusing to take their section 1983 theory into consideration when deciding the summary judgment motions because: (1) the school district impliedly consented to the proffered amendment by not objecting to the amended complaint when it was submitted; (2) although not artfully pleaded, the original complaint alleges a section 1983 claim; (3) under the circumstances, failing to decide the summary judgment motion as if the complaint had been amended was an abuse of discretion; and (4) because there were facts before the trial court that would support amendment of the complaint to include a section 1983 claim, the court was obligated to proceed as if such an amendment had been allowed and, consequently, to deny the motion for summary judgment.

We do not consider the first three arguments, because they were not raised before the Court of Appeals. The fourth argument—the only one that was preserved—is premised on the proposition that, in ruling on a motion for summary judgment, a trial court is *required* to treat the complaint as having been amended, if the evidence before it would support such an amendment. Plaintiffs draw that proposition from the two Court of Appeals' decisions mentioned earlier, *Miller* and *Hussey*. Although those cases are not binding on this court, the essential rule of law that plaintiffs draw from them may be valid.

However, we have no reason to consider that point in the present case. Even if we were to conclude that the rule that plaintiffs contend for is a sound one, plaintiffs would not be entitled to the reversal that they seek. That is so because the essential *factual* assumption that underlies plaintiffs' argument—that there *was* evidence in the summary judgment record that would justify an amended complaint—is not an assumption that this court is bound to accept.

■ In our discussion of defendant Bransom's petition, we concluded that, in keeping with our usual standard of review, the fact of plaintiffs' untimely filing, taken together with the trial court's ultimate decision in favor of Bransom, means that the trial court had refused to exercise its discretion to consider plaintiffs' late-filed documents as part of the

record on summary judgment. The same principle applies with respect to the school district's summary judgment motion: To the extent that it supports the trial court's ultimate decision in favor of the school district, the trial court is deemed to have refused to consider plaintiffs' late-filed documents as part of the summary judgment record. Obviously, if the trial court refused to consider their late-filed materials, plaintiffs could not argue that there was any *evidence* in the summary judgment record that would support a potential section 1983 claim—or any other claim, for that matter.

We acknowledge that we may be misunderstanding plaintiffs' argument—that they may not be relying on their late-filed evidentiary materials at all but, instead, on the contemporaneously filed motion to amend the pleadings. Plaintiffs may be arguing, in other words, that the trial court was obligated to grant their motion to add a section 1983 claim, because that motion to amend was filed in a summary judgment context and because, if allowed, the amendment would preclude summary judgment.

That position—if it *is* plaintiffs' position—is clearly contrary to law. Under the applicable rule of civil procedure, ORCP 23, there is only one circumstance in which a party is entitled to amend his or her pleading as of *right*, and that is before a responsive pleading has been filed (or, if no response is required, within 20 days of the original pleading).[9] Otherwise, a party who wishes to amend must have the consent of the opposing party (either implicit or explicit) or of the court. In all circumstances in which the consent of the court is required, the court retains discretion to deny the motion.[10] Under ORCP 23, a party that is disappointed in an attempt to amend might argue that the denial of the party's motion is

---

[9] In this case, the District's responsive pleading was filed over two months before the motions for summary judgment.

[10] ORCP 23 provides, in part:

"(A) A pleading may be amended by a party once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may so amend it at any time within 20 days after it is served. *Otherwise a party may amend the pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires.* * * *"

an abuse of discretion, but the party cannot argue, as plaintiffs here do, that such a denial is erroneous as a matter of law.

Ultimately, whichever of the foregoing arguments was intended, both miss their mark. The trial court's grant of summary judgment for the school district was proper, as was the Court of Appeals' affirmance of that ruling.

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is affirmed.