Argued and submitted February 7, affirmed on appeal and cross-appeal
July 27, 2005

**PERMAPOST PRODUCTS COMPANY,**
an Oregon corporation,
*Appellant - Cross-Respondent,*

*v.*

**OSMOSE, INC.,**
fka Osmose Wood Preserving, Inc.,
a New York corporation,
*Respondent - Cross-Appellant.*

0202-01595; A123578

116 P3d 909

William F. Knowles argued the cause for appellant - cross-respondent. With him on the briefs were Christopher L. Neal and Cozen O'Connor, Seattle.

James E. Mountain argued the cause for respondent - cross-appellant. With him on the brief were Frank A. Moscato, Andrea M. Davis, and Harrang Long Gary Rudnick, P.C.

Before Armstrong, Presiding Judge, and Brewer, Chief Judge,* and Haselton, Judge.

ARMSTRONG, P. J.

---

* Brewer, C. J., *vice* Leeson, J. pro tempore.

## ARMSTRONG, P. J.

Plaintiff appeals a judgment dismissing its breach of warranty claims. Plaintiff alleged that a wood preservative that it had purchased from defendant was defective and sought to recover damages that it had incurred in defending and settling a lawsuit brought against it by a homeowner whose house was constructed using lumber treated by plaintiff with the wood preservative. On summary judgment, the trial court held that plaintiff's claims were barred by the applicable statute of limitation. Defendant cross-appeals the trial court's denial of its motion for sanctions against plaintiff under ORCP 17. We affirm on defendant's cross-appeal without further discussion and write only to address plaintiff's appeal, which we also affirm.

Defendant supplied plaintiff with wood preservatives that plaintiff used to treat lumber for construction use. The product at issue in this case is "PermaClear 65," which contains mineral spirits, zinc naphthenate, and permethrin. PermaClear 65 was designed to protect lumber from insect and fungus infestation.

Because this case involves the statute of limitation, we emphasize the pertinent dates. In November 1995, plaintiff used PermaClear 65 that it had purchased from defendant to treat lumber that a third party later installed in a house in Hawaii belonging to the Jensens. In 1999, the Jensens brought an action against plaintiff seeking damages for adverse health effects caused by off-gassing of Perma-Clear 65. Plaintiff settled the Jensens' claims and sought to recover from defendant the expenses that it had incurred in defending and settling the Jensens' suit.

On February 19, 2002, plaintiff commenced this action against defendant. Plaintiff's complaint asserted several theories, but only the breach of warranty claims are before us. In those claims, plaintiff alleged that defendant breached an implied warranty of fitness for a particular purpose (to preserve lumber used in the interior of private residences) and an express warranty that PermaClear 65 "was free from defect and could be used in [p]laintiff's wood products safely."

In its answer, defendant raised the four-year statute of limitation in ORS 72.7250 as an affirmative defense.[1] Plaintiff did not file a reply. Defendant then moved for summary judgment. In its response to defendant's motion, plaintiff asserted that the statute of limitation had been tolled by defendant's fraudulent concealment of the cause of action against it. Plaintiff further argued that the statute of limitation did not begin running until the date that it discovered the breach. The trial court denied defendant's motion for summary judgment on the breach of warranty claims.

Shortly thereafter, defendant filed a second motion for summary judgment, objecting to plaintiff's assertion of fraudulent concealment to avoid the statute of limitation defense. Defendant argued that plaintiff's argument was beyond the scope of the pleadings and that it had not fraudulently concealed the existence of plaintiff's cause of action. This time, the trial court granted defendant's motion for summary judgment.

Plaintiff appeals, assigning error to the trial court's grant of defendant's second motion for summary judgment on the breach of warranty claims. Plaintiff renews its arguments that defendant's fraudulent concealment tolled the statute of limitation and that, in the alternative, the statute

---

[1] Because this case involves the sale of goods, the relevant statute of limitation is in ORS 72.7250, which provides:

"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

"(3) Where an action commenced within the time limited by subsection (1) of this section is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within six months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute.

"(4) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before the Uniform Commercial Code becomes effective."

of limitation did not start running until plaintiff discovered that defendant had breached its warranties. Furthermore, plaintiff insists that its assertion of fraudulent concealment was timely.

We begin with the procedural question whether plaintiff's assertion of fraudulent concealment was timely. ORCP 13 B provides, in part, that "[t]here shall be * * * a reply to assert any affirmative allegations in avoidance of any defenses asserted in an answer." ORCP 15 A provides that the reply is to be filed "not later than 10 days" after the answer to which it is responding. ORCP 15 D provides that "[t]he court may, in its discretion, and upon such terms as may be just, allow * * * [a] reply to be made, or allow any other pleading or motion after the time limited by the procedural rules, or by an order enlarge such time."

■ Plaintiff's allegation of fraudulent concealment is an affirmative allegation in avoidance of the statute of limitation defense in defendant's answer. *See Fehl v. Horst*, 256 Or 518, 524, 474 P2d 525 (1970) ("[I]f fraud is to be relied upon, either offensively or defensively, it must be pleaded."). Defendant filed its answer on March 31, 2003. Thus, under ORCP 15 A, plaintiff had to file a reply including its allegation of fraudulent concealment by April 10, 2003. It did not do so. Instead, plaintiff first alleged fraudulent concealment in its response to defendant's first motion for summary judgment. It did not even attempt to file a reply until November 24, 2003—more than seven months after the deadline for its reply had passed and just two days before the summary judgment hearing—when it moved for leave to file a reply asserting fraudulent concealment.

We must first determine the effect, if any, of plaintiff's motion for leave to file a reply, to which it attached a proposed reply. Plaintiff's reply was filed in the trial court record with a separate register entry from plaintiff's motion for leave to file a reply. However, under *Finney v. Bransom*, 326 Or 472, 480, 953 P2d 377 (1998), the formal filing of documents is a "purely ministerial event" that does not establish that the trial court actually exercised its discretion to allow plaintiff leave to file a reply. Although ORCP 15 D allows a litigant to file a late reply, the litigant may do so only with

leave of the court. Nothing in the record indicates that the court granted plaintiff such leave. As the court reasoned in *Finney*, "[i]t was up to the offering party either to meet the deadline[ ] or to obtain leave to file late. Neither occurred here." 326 Or at 480 n 6 (applying ORCP 47 C). Without the court's leave, plaintiff's attempt to file a reply alleging fraudulent concealment to avoid defendant's statute of limitation defense was ineffective.

Because the trial court granted defendant's motion for summary judgment, we treat its silence in response to plaintiff's motion for leave to file a reply as an implicit denial of that motion. *Cf. Finney*, 326 Or at 477 (treating plaintiffs' motion to amend their pleadings as implicitly denied where plaintiffs filed their motion on the day of the hearing on defendants' motion for summary judgment and trial court granted summary judgment to defendants). Nothing in the record indicates that the trial court granted plaintiff's motion. Plaintiff filed the motion for leave on November 24, 2003, and the parties argued the summary judgment motion on November 26, 2003, but those arguments were not recorded. Plaintiff does not assign as error the trial court's failure to grant its motion for leave to file a reply. The propriety of the implicit denial of plaintiff's motion, therefore, is not before us.

Although it is generally true that an affirmative allegation in avoidance of a defense is not properly before the court unless it is pleaded, *Bourrie v. U. S. Fidelity and Guaranty Ins. Co.*, 75 Or App 241, 244-45, 707 P2d 60 (1985), the fact that this case was resolved on summary judgment requires us to engage in further analysis. In *Hussey v. Huntsinger*, 72 Or App 565, 569, 696 P2d 580 (1985), we adopted the rule that, "if facts appear in affidavits [supporting or opposing summary judgment] which would justify an amended complaint, there may be ground for treating the complaint as though it were already amended to conform." (Internal quotation marks omitted.) We based that conclusion on the "interplay between ORCP 23 B, which provides that amendments to the pleadings to conform to the proof shall be readily allowed at trial, and ORCP 47, which governs summary judgments." *Id.*

However, the *Hussey* rule does not limit the discretion of trial courts under ORCP 23 B to allow or deny amendments to pleadings that add substantially new theories. *Hussey* does not "require a trial court to allow a party to amend its pleadings to add a new claim based on a new legal theory simply because that party produced evidence in the summary judgment hearing that supports the claim." *Finney v. Bransom*, 143 Or App 154, 164-65, 924 P2d 319 (1996), *rev'd in part on other grounds*, 326 Or 472, 953 P2d 377 (1998). On review of our opinion in *Finney*, the Supreme Court explained that, under ORCP 23, unless a party has the consent of the court or the opposing party (either explicit or implicit), he may amend his pleading as of right only if a responsive pleading has not been filed or, if no response is required, within 20 days of the original pleading. *Finney*, 326 Or at 483.

Here, we cannot treat the pleadings as amended to include plaintiff's fraudulent concealment theory unless plaintiff obtained the consent of the court or of defendant. As discussed above, the court's silence in the face of plaintiff's motion for leave to file a reply is an implicit denial of that motion. Thus, plaintiff did not have consent of the court. Nor did plaintiff obtain defendant's consent. Defendant objected in its second motion for summary judgment to plaintiff's submission of evidence supporting the fraudulent concealment theory.[2] In the face of such objection, we cannot say that fraudulent concealment was "tried by express or implied consent of the parties." ORCP 23 B. Thus, we cannot treat the pleadings as amended by plaintiff's submission of evidence on the fraudulent concealment theory. That theory was not properly before the court on summary judgment.

Consequently, we address the question whether, even without reference to fraudulent concealment, the trial court erred in granting defendant's motion for summary judgment. We review the record in the light most favorable to plaintiff to determine whether there is a genuine issue of

---

[2] Plaintiff does not argue, and we do not consider, whether defendant waived its objections to the allegations of fraudulent concealment by not objecting to plaintiff's assertion of them in response to defendant's first motion for summary judgment.

material fact, and, if not, whether defendant was entitled to judgment as a matter of law. ORCP 47 C; *Wilson v. Smurfit Newsprint Corp.*, 197 Or App 648, 650, 107 P3d 61, *rev dismissed*, 339 Or 407 (2005).

The undisputed facts show that defendant delivered the product at issue in November 1995 and that plaintiff filed this action on February 19, 2002. Thus, more than six years passed between the delivery of the product and the commencement of this action.

Under ORS 72.7250(1), plaintiff had to bring its breach of warranty claims within four years after they accrued. The parties dispute when the claims for breach accrued. Defendant argues that the claims accrued on the delivery date; plaintiff argues for a date of discovery. Under plaintiff's theory, its February 2002 complaint was timely because it did not discover the breach of warranty until May 1998, when it learned that zinc naphthenate could no longer be used for interior use because of the Environmental Protection Agency's concerns about its harmful off-gassing.

■ Under ORS 72.7250(2), a breach of warranty occurs at the time of the delivery of the goods, "except that[,] where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance[,] the cause of action accrues when the breach is or should have been discovered." Thus, unless defendant extended a warranty of future performance, plaintiff's breach of warranty claims accrued upon delivery.

Plaintiff insists that defendant's implied warranty of fitness for a particular purpose was actually a warranty of future performance because defendant warranted that PermaClear 65 was safe for interior use in residential homes. Plaintiff argues that the breach of that warranty "would require not only delivery of the raw components of the [PermaClear 65] system but also the treatment of the wood, its installation into a residential structure, resident exposure, and finally, resident illness and/or awareness of actual property damage."

■ However, an implied warranty of fitness for a particular use is not a warranty that explicitly extends to future

performance. *Sponseller v. Meltebeke*, 280 Or 361, 365-66 n 2, 570 P2d 974 (1977). An implied warranty of fitness for a particular purpose "is neither explicit nor future oriented." *Id*. Thus, the discovery rule applicable to warranties for future performance does not apply here. Plaintiff's claim for breach of an implied warranty of fitness for a particular use accrued on delivery of the product in November 1995 and thus was time barred when plaintiff commenced this action in 2002.

Plaintiff also claims that defendant breached an express warranty that the product "was free from defect and could be used in plaintiff's wood products safely." Any such warranty cannot be construed as a warranty explicitly extending to future performance. *Gladhart v. Oregon Vineyard Supply Co.*, 164 Or App 438, 460-61, 994 P2d 134 (1999), *rev'd in part on other grounds*, 332 Or 226, 26 P3d 817 (2001). Plaintiff offered no evidence that indicates that the purported express warranty explicitly extends to future performance. Thus, plaintiff's claim for breach of an express warranty accrued at the time of delivery in 1995 and was time barred when the plaintiff commenced this action in 2002.

Affirmed on appeal and cross-appeal.