Argued and submitted March 7, affirmed April 6, 2022

H. Richard SAUSE,
*Plaintiff-Appellant,*

*v.*

John HUMMEL,
*Defendant-Respondent.*

Deschutes County Circuit Court
19CV06346; A175238

507 P3d 1292

Alison M. Emerson, Judge.

George W. Kelly argued the cause and filed the briefs for appellant.

John E. Laherty argued the cause for respondent. On the brief was Amy Heverly.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Plaintiff submitted a public records request to defendant, the Deschutes County District Attorney.[1] Twenty-seven days later, after hearing nothing, plaintiff filed suit against defendant. As to the request relevant on appeal, the complaint alleged that defendant "did not respond" to the public records request and "his failure to do so constitutes a denial." Plaintiff sought both a declaration that defendant "must produce the improperly withheld records" and an award of his attorney fees. Two weeks later, defendant responded to the request, produced records, and waived the fee associated with obtaining those records. Defendant later moved for summary judgment, arguing that the case was moot, and the trial court granted that motion after concluding that there was no dispute of material fact about whether defendant had already complied with the request.

"We review a trial court's grant of summary judgment for legal error, and we will affirm if there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law." *Smith v. Airbnb, Inc.*, 316 Or App 378, 380, 504 P3d 646 (2021) (quoting *Towner v. Bernardo/Silverton Health*, 304 Or App 397, 400, 467 P3d 17, *rev den*, 367 Or 115 (2020)). In plaintiff's first assignment of error, he argues that the trial court erred in ruling that defendant had fully complied with the request because defendant conducted an inadequate search for those records. He urges us to adopt the standard applicable to the federal Freedom of Information Act, 5 USC § 552, and require a government defendant to affirmatively demonstrate the details of the search conducted. *See, e.g.*, *Rubman v. U.S. Citizenship & Immigr. Servs.*, 800 F3d 381, 387 (7th Cir 2015) ("To demonstrate that its search was adequate [in a case challenging the adequacy of the search], the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." (Internal quotation marks omitted.)).

---

[1] Plaintiff submitted two public records requests, one on January 10, 2019, and one on January 11, 2019. The January 11, 2019, request is the subject of this appeal.

Although Oregon courts have yet to address the contours of the burden on a public body to delineate its efforts to search for requested public records, this case does not present such an opportunity. Plaintiff filed suit alleging that defendant failed to respond to the records request altogether, not that the later search for records was improper. He never amended his complaint to allege a new claim about either the adequacy of the records provided or the search conducted. *See* ORCP 18 A (providing that a claim for relief shall contain "[a] plain and concise statement of the ultimate facts constituting a claim for relief"). Moreover, plaintiff did not present any evidence in his response to defendant's motion for summary judgment that related to the adequacy of defendant's search nor did he seek leave to add a new legal theory at that point. *See Permapost Products Co. v. Osmose, Inc.*, 200 Or App 699, 705, 116 P3d 909 (2005) (explaining that, although a party may add a legal theory at summary judgment, under ORCP 23 "we cannot treat the pleadings as amended to include plaintiff's [new legal theory] unless plaintiff obtained the consent of the court or of defendant"). Given the nature of plaintiff's claim, defendant would have had no reason to affirmatively demonstrate the specifics of the search conducted, and so the trial court had no basis to deny summary judgment on that ground.

Plaintiff next assigns error to the trial court's denial of his request for attorney fees based on the theory that his lawsuit was the catalyst for the government's compliance.[2] Plaintiff has provided no evidence to support this contention, therefore, the trial court did not err. *Clapper v. Oregon State Police*, 228 Or App 172, 179, 206 P3d 1135 (2009) ("Oregon courts have not adopted the catalyst theory, and, even if they had, it would not apply here. That is so because plaintiff has adduced no evidence to support the assertion that defendant complied with his request as a result of the action ***.").

Affirmed.

---

[2] Plaintiff also makes a textual argument that he has "prevailed in the suit" for the purposes of ORS 192.431(3). Plaintiff offers no reason to apply a unique definition of "prevail" to that provision and so we decline to address that argument. *See Bazzaz v. Howe*, 262 Or App 519, 529, 325 P3d 775, *rev den*, 356 Or 397 (2014) ("[B]ecause plaintiffs' argument is undeveloped, we decline to address it.").