Argued and submitted June 1, 2022; on appellants' motion to stay trial court proceedings filed February 9 and respondent Amy M. Ostrom's response to motion to stay trial court proceedings filed March 2, affirmed April 5, 2023

DAVIS & GALM, LLC,
abn Davis Galm Law Firm,
an Oregon limited liability company;
C. Thomas Davis; and Michael T. Davis,
*Plaintiffs-Appellants,*

*v.*

RONALD A. NEVE, CPA, PC,
an Oregon professional corporation,
and Amy M. Ostrom,
aka Amy M. Fuller, aka Amy M. Fully,
*Defendants-Respondents.*

Clackamas County Circuit Court
20CV08275; A175606

528 P3d 1165

Plaintiffs appeal from a judgment of dismissal, assigning error to the trial court's dismissal of their interpleader action. In the trial court, one of the two named defendants expressly waived any interest in the stake, and the trial court concluded that the case should be dismissed. *Held*: The trial court did not err in dismissing the interpleader action. There is no longer a viable interpleader action when there is no risk to the plaintiff of double or multiple liability and no dispute remains over either the stake or any other claims in the case. Plaintiffs no longer had a right to continue to pursue an interpleader action when plaintiffs were not exposed to double or multiple liability as to the disputed funds. Further, no independent claims were ever asserted in the case. Although defendant Fuller asserted other independent claims in a separate case, the trial court did not discharge plaintiffs from liability as to any of those separate claims, leaving plaintiffs free to defend themselves in that other case.

Affirmed.

Katherine E. Weber, Judge.

Hillary A. Taylor argued the cause for appellants. Also on the briefs was Keating Jones Hughes, PC.

Nadia Dahab argued the cause for respondent Amy M. Ostrom. Also on the brief were Sugerman Dahab, and Nicholas A. Kahl and Nick Kahl, LLC, and Justin M. Baxter and Baxter & Baxter LLP.

Alexander Max Naito argued the cause for respondent Ronald A. Neve, CPA, PC. Also on the brief was Tarlow Naito & Summers, LLP.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

## SHORR, P. J.

In an interpleader action, a plaintiff (often called a "stakeholder") holding disputed property or funds (the "stake") joins multiple defendants (also called claimants) who may have claims against the plaintiff when those claims "are such that the plaintiff is or may be exposed to double or multiple liability." ORCP 31 A. The question before us is what should occur when one of two named defendants or claimants expressly waives any interest in the stake and states that the other defendant is, in fact, entitled to those funds. Faced with that scenario, the trial court here concluded that the case should be dismissed because there was no longer any risk that plaintiffs could be exposed to double or multiple liability. Plaintiffs appeal, assigning error to the trial court's dismissal. We conclude that the trial court did not err and therefore affirm. As we explain below, there is no longer a viable interpleader action when there is no risk to the plaintiff of double or multiple liability and no dispute remains over either the stake or any other claims in the case.

The essential facts, which we take from plaintiffs' complaint, are undisputed for the purpose of this appeal. Plaintiff Davis & Galm, LLC is a law firm, and individual plaintiffs C. Thomas Davis and Michael T. Davis are individual attorneys affiliated with the law firm. Defendant Ronald A. Neve, CPA, PC (Neve CPA) is an accounting firm. In 2014, Neve CPA retained plaintiffs to file a collection lawsuit against one of the accounting firm's former clients, defendant Amy M. Ostrom (aka Amy Fuller),[1] for an unpaid bill. Plaintiffs contend that they were promised a 25 percent contingent attorney fee, plus their costs, out of any funds that they recovered on behalf of Neve CPA. Plaintiffs subsequently filed the collection lawsuit on behalf of Neve CPA against Fuller and later that same year, obtained a general judgment for Neve CPA against Fuller. That judgment was for $16,437.25 and effectively became a lien on Fuller's real property.[2] That amount was later paid to plaintiffs by a title

---

[1] We refer to this defendant as Fuller throughout this opinion because that is her current name.

[2] Although not a fact necessary to our resolution of this appeal, we note for context that Fuller contends that she was never served with that collection

company out of the escrow from a real estate closing when Fuller sold her real property. In other words, the judgment was satisfied from the property sale proceeds. Plaintiffs then put the $16,437.25 in the law firm's client trust account.

In the meantime, Fuller contended that she had made separate arrangements directly with Neve CPA to pay off her unpaid liability. Neve CPA disputed the accountings Fuller provided, however. At least as alleged in plaintiffs' complaint, plaintiffs therefore perceived a possibility that plaintiffs were holding funds that could be claimed by both Neve CPA and Fuller.

It is the $16,437.25 in potentially disputed funds that became the stake in this interpleader action. Plaintiffs took the funds from the law firm's client trust account and tendered the funds to the circuit court as part of the interpleader action. As noted, plaintiffs named Neve CPA and Fuller as defendants in the interpleader action. Plaintiffs alleged that "[e]ach defendant may claim an interest in the disputed funds" and asserted:

> "Plaintiffs are unable to ascertain who is entitled to the disputed funds * * *, potentially subjecting plaintiffs to multiple claims and to liability regarding the disputed funds. Plaintiffs admit such amount is due, in whole or in part, to the defendants."[3]

Soon thereafter, however, Neve CPA filed a "stipulation" to the "disbursement of disputed funds" to Fuller. That filing stated:

> "Defendant [Neve CPA] stipulates to the Court entering a judgment requiring the clerk to disburse the funds that are the subject of this action, $16,437.25, (the 'Disputed Funds') to co-defendant [Fuller]. Neve affirms that it makes no claim to the Disputed Funds and expressly waives any

---

lawsuit. She contends that plaintiffs obtained a default judgment for Neve CPA against her.

[3] Plaintiffs claimed that they had a right to part of the disputed funds *if* the court concluded that Neve CPA was owed the funds rather than Fuller. Specifically, plaintiffs contended that they would amend the complaint to seek a 25 percent contingent attorney fee if the court concluded that the disputed funds belonged to Neve CPA. After Neve CPA waived any interest in the funds, plaintiffs never amended the complaint in this case.

rights to the Disputed Funds, to the extent such rights existed."

Following that filing, both defendants Neve CPA and Fuller separately moved to dismiss the interpleader action.

Although the parties framed their arguments differently, both defendants argued that the absence of a risk to plaintiffs of double liability or any dispute over the deposited funds ended any possible claim or proceeding under ORCP 31. Neve CPA argued that it should be dismissed as a defendant from the interpleader action because it had waived any claim to the deposited funds. Fuller framed her arguments in terms of lack of standing and jurisdiction, contending that the entire interpleader action should be dismissed for the same reason raised by Neve CPA—namely, that there was no longer any risk of double or multiple liability to plaintiffs as required under ORCP 31. The trial court granted both motions and ordered the funds disbursed to Fuller. Among other things, the court concluded that plaintiffs lacked standing under ORCP 31 to maintain the interpleader action. As noted, plaintiffs assign error to the court's dismissal of the action.

The primary issue before us is whether plaintiffs may continue to maintain an interpleader action under ORCP 31 when one of the two potential claimants to the stake expressly disclaims any interest in it. Our resolution of that issue raises an issue of statutory interpretation requiring us to examine the text, context, and, to the extent we deem appropriate, legislative history of that rule, which may include the history of the rule before the Council on Court Procedures. *See A. G. v. Guitron*, 351 Or 465, 471, 479, 268 P3d 589 (2011) (applying Oregon's traditional methods of statutory interpretation to the interpretation of an Oregon Rule of Civil Procedure).

We begin with the text of ORCP 31 A, which provides, in relevant part:

"Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not a ground for objection to the joinder that the claims of the several claimants, or the titles on

which their claims depend, do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff alleges that plaintiff is not liable in whole or in part to any or all of the claimants."

ORCP 31 B, in turn, provides that the property or amount involved may, among other things, be deposited with the court and that the court "may thereafter enjoin all parties before it from commencing or prosecuting any other action regarding the subject matter of the interpleader action." The court may further order the plaintiff "discharged from liability as to property deposited or secured before determining the rights of the claimants thereto." *Id.*

There are few cases involving interpleader that have reached our appellate courts. We have described interpleader as "a procedural device used to resolve conflicting claims to money or property. It enables a person or entity in possession of a tangible res or fund of money (the 'stakeholder') to join in a single suit two or more 'claimants' asserting mutually exclusive claims to that stake." *Country Casualty Ins. Co. v. Villa-Chavez*, 228 Or App 677, 682, 208 P3d 1036 (2009). We have summarized the process for interpleader as follows:

> "The interpleader process of ORCP 31 permits a party that is concerned about potential 'double or multiple liability' to bring all competing claims before the court and to let the court sort out the competing claims. ORCP 31 A. As used here, the rule allows a party to deposit with the court property or an amount of money for which the party admits it is liable. The rule then allows the party to obtain both a discharge of liability and an order requiring any parties with interests in the money to resolve their claims only through interpleader in the existing action. *See* ORCP 31 B. The rule also provides that 'the party filing suit or action in interpleader shall be awarded a reasonable attorney fee in addition to costs and disbursements' once the funds are deposited with the clerk of the court. ORCP 31 C."

*Benavente v. Thayer*, 285 Or App 148, 150, 395 P3d 914 (2017).

ORCP 31 A provides that a plaintiff may join persons having claims against the plaintiff as defendants. The key text for our purpose provides that those defendants "may be joined *** and required to interplead when their

claims are such that the plaintiff is or may be exposed to double or multiple liability." ORCP 31 A. Plaintiffs here initially alleged that "[e]ach defendant may claim an interest in the disputed funds," contended that plaintiffs were "unable to ascertain who is entitled to the disputed funds," and admitted that the funds were due in whole or in part to defendants. As a matter of pleading, then, plaintiff properly alleged a claim for interpleader that required defendants to interplead to resolve the potential for double liability and the chance of competing claims.

However, soon after plaintiffs filed their interpleader action, one of the two defendants expressly disclaimed any interest in the funds. At that point, there was no longer a basis—save one possible exception that we discuss later—to continue to join defendants or require them to interplead over the disputed stake, because there was no dispute over that stake. Defendants no longer presented dueling claims "such that the plaintiff is or may be exposed to double or multiple liability." ORCP 31 A. As a matter of textual interpretation in the context of the entire rule, plaintiffs no longer had a right to continue to pursue an interpleader action when plaintiffs were not exposed to double or multiple liability as to the disputed funds.

Under Oregon's law on standing, "a plaintiff must establish at the outset that he or she satisfies the statutory requirements for standing to bring the action." *Couey v. Atkins*, 357 Or 460, 469, 355 P3d 866 (2015). Standing "is a legal term that identifies whether a party to a legal proceeding possesses a status or qualification necessary for the assertion, enforcement, or adjudication of legal rights or duties." *Kellas v. Dept. of Corrections*, 341 Or 471, 476-77, 145 P3d 139 (2006). "Put differently, standing refers to the right to obtain an adjudication." *Concienne v. Asante*, 299 Or App 490, 498, 450 P3d 533 (2019), *rev den*, 366 Or 135 (2020) (internal quotation marks omitted).

As noted, plaintiffs initially met the requirements in ORCP 31 to bring an interpleader action when they alleged, as required under ORCP 31 A, that defendants' "claims are such that the plaintiff is or *may* be exposed to double or multiple liability." (Emphasis added.) However, under Oregon

law, "the plaintiff's concrete stake in the outcome must continue throughout the pendency of the case." *Couey*, 357 Or at 469. If plaintiffs' concrete stake in the outcome evaporates after initiation of the action, the case becomes moot and must be dismissed for want of justiciability. *Id.*

Here, plaintiffs' interest in resolving competing claims to the potentially disputed funds disappeared, at least to the extent that there were no longer competing claims or the possibility of double or multiple liability as to the tendered funds, when one of the two defendants expressly waived any claim or right to the funds.[4] Although not binding on us, and framed in terms of jurisdiction rather than standing, the Ninth Circuit Court of Appeals has ordered the dismissal of an interpleader action where only one potential claimant made a claim against the fund. *See Libby, McNeil, and Libby v. City Nat. Bank*, 592 F2d 504, 507-09 (9th Cir 1978) (concluding that a "basic jurisdictional requirement of a statutory interpleader action is that there be adverse claimants to a particular fund" and vacating and remanding for dismissal of an interpleader action where only one party made a claim against the fund (internal footnote and quotation marks omitted)).

Plaintiffs nevertheless contend that dismissal of the action was improper because "[t]here remains much to be determined," including whether plaintiffs should be "discharged from liability and from adjudicating any claims regarding the collection of the disputed funds." We conclude that, at least on this record, there was no longer any issue of liability as to the disputed funds, or, as we will discuss, any dispute regarding further independent claims in this case.

We pause to give a brief explanation of some other facts relevant to understanding that argument. After plaintiffs filed this interpleader action, Fuller sued plaintiffs and Neve CPA in a separate lawsuit in Multnomah County. In that suit, Fuller alleged claims for conversion, negligence,

---

[4] Defendant Neve CPA waived its interest in any claim to the funds by filing a "stipulation" disclaiming any claim or right to the funds. ORCP 31 does not provide a formal procedure for an interpleaded defendant to waive their claim to tendered funds or property in an interpleader action. There is no dispute on this record, however, that Neve CPA in fact waived any claim or right to the tendered funds.

and unlawful trade practices, among others. In the underlying interpleader action at issue here, plaintiffs sought to enjoin Fuller from pursuing her claims in Multnomah County and sought a discharge from "all liability" to Fuller or Neve CPA "arising from Davis [&] Galm's possession of $16,437.25." The trial court denied the motion to discharge and, as we discuss further below, initially granted the injunction.[5] As recounted above, Neve CPA then disclaimed any claim or right to the $16,437.25, eventually resulting in the trial court's dismissal of the interpleader action.

Plaintiffs claim that there are still remaining issues regarding the discharge and injunction that precluded dismissal of the interpleader action. We reject that contention. To understand the basis for our rejection and why there were no remaining disputes in this case, we must explain further the types of claims that may be resolved in an interpleader action.

The initial and primary issue in an interpleader case is a dispute between the initiating plaintiff stakeholder and the defendants or claimants over the tendered funds or property. Beyond issues over the ownership of the disputed stake, there is the possibility that the claimants may also have independent legal claims directly against the stakeholder. We have explained that, under ORCP 31, both types of disputes *may* be resolved in the interpleader action:

"Historically, interpleader was not available if the stakeholder was independently liable to the claimant—*i.e.*, if a claimant could assert a right by contract, estoppel or other such relationship which would entitle him to relief against the stakeholder independently of any questions of title to the stake. ORCP 31 A was intended to abrogate that historical limitation. It permits interpleader even though a claimant asserts both title to the stake and an independent claim for relief against the stakeholder. Accordingly, an action for interpleader may require a court to determine

_____

[5] Plaintiffs later filed a "renewed" motion for discharge of liability. That motion was pending when the trial court dismissed the case. We understand that motion to be deemed denied. *See Permapost Products Co. v. Osmose, Inc.*, 200 Or App 699, 704, 116 P3d 909 (2005) (treating the trial court's failure to rule on a plaintiff's pending motion for leave to file a reply as an implicit denial of that motion when the trial court granted the defendant's motion for summary judgment).

both whether the stakeholder has any liability for the stake and whether the stakeholder is also independently liable to the claimant under some other theory, such as breach of contract.

"Because interpleader under ORCP 31 is broad enough to encompass both types of claims, a discharge order may discharge the stakeholder from liability with respect to the stake without also discharging the stakeholder from liability from an independent claim for relief. Such a limited discharge order is not inconsistent with the purposes of interpleader. *** Indeed, even if a court has the authority to discharge independent claims for relief as part of the discharge order, it cannot do so without first providing some process, such as a trial or summary judgment, for resolving those independent claims."

*Mitchell v. Burt, Vetterlein & Bushnell, P.C.*, 164 Or App 154, 165-66, 991 P2d 47 (1999) (internal quotation marks, brackets, citations, and footnotes omitted); *see also Country Casualty Ins. Co.*, 228 Or App at 683 (explaining the differences between claims over the stake and "independent" claims against the stakeholder). Thus, an interpleader action may resolve issues regarding both the stake and any independent claims.

Here, as discussed above, any disputed claims to the stake were resolved when one of the two potential claimants, Neve CPA, expressly disclaimed any right or claim to the stake. Further, no independent claims were ever asserted in this case. The other independent claims asserted by Fuller were and are being litigated in an entirely separate Multnomah County case. The result here is that the trial court did not discharge plaintiffs from liability as to any of those separate claims by Fuller, leaving plaintiffs free to defend themselves in the other case. *See Country Casualty Ins. Co.*, 228 Or App at 683 (stating that "[i]f such an independent claim exists *and is part of the interpleader action*, that fact limits the court's authority to discharge the stakeholder" (emphasis added)). Those independent liability issues must be resolved among the parties in the Multnomah County lawsuit.[6]

---

[6] To the extent that plaintiffs claim that there were any remaining issues regarding the initial order in the interpleader action to enjoin the Multnomah County case, we do not understand that injunction to have had any enduring

In sum, by the time the trial court entered its judgment of dismissal, any dispute over the stake was fully resolved and any remaining claims among the parties were being litigated in a separate case. Under those circumstances, the trial court did not err in dismissing the interpleader action. As a result, we affirm the trial court's dismissal.

Affirmed.[7]

---

or remaining effect once the trial court dismissed this case. Indeed, the parties do not dispute that the Multnomah County case is currently proceeding, and although plaintiffs moved in the Multnomah County case to enforce that putative injunction, that motion was denied.

[7] Plaintiffs recently filed a motion asking us to stay the pending Multnomah County action pending our decision in this appeal. Our issuance of this opinion renders that motion moot.